21704

NEWBERRY COUNTY WATER AND SEWER AUTHORITY, Appellant, v. WELCO CONSTRUCTION AND UTILITIES CO., INC. and United States Fidelity and Guaranty Company, Respondents.

(292 S. E. (2d) 29)

*David W. Robinson, II,* of *Robinson, McFadden, Moore & Pope,* Columbia, and *Joseph W. Hudgens,* of *Pope & Hudgens,* Newberry, *for appellant.*

*Herbert W. Hamilton,* of *Whaley, McCutchen & Blanton,* and *Jackson L. Barwick, Jr.,* and *Betty J. Gambrell,* of *Belser, Baker, Barwick & Toal,* Columbia, and *George Anthony Smith,* of *Smith, Currier & Hancock,* Atlanta, Ga., *for respondents.*

May 17, 1982.

LEWIS, Chief Justice:

The issue to be decided is whether Newberry County is the proper venue for trial of the present action.

The plaintiff-appellant Newberry County Water and Sewer Authority (Authority) is a county-wide service authority (Act No. 119 of the 1963 Acts of the General Assembly and amendments thereto) with 1341 residential water taps serving an estimated 4700 people out of a county-wide 1970 population of approximately 29,273. In addition, the Authority served several industrial customers and, presumably, would in the future extend its services to other customers over Newberry County. Use of the facilities of the Authority is not mandatory, but it sells water to customers on the basis of contracts between the parties.

The present action arises out of a contract between the Authority and respondent Welco Construction and Utilities Co., Inc., for the construction by Welco of a water line in Newberry County. Respondent United States Fidelity and Guaranty Company (USF&G) was surety on Welco's payment—performance bond. The Authority brought this action to recover for the alleged breach of the construction contract by Welco and to recover from USF&G as Welco's surety.

Welco counterclaimed for amounts allegedly due it under the contract and USF&G answered alleging an indemnity agreement between it and Welco.

The action was brought in Newberry County. Both Welco and USF&G moved for a change of venue to some other county in the Eighth Judicial Circuit, pursuant to Sections 15-7-100 and 15-7-110 of the South Carolina Code of Laws, 1976, on the ground that ". . . a fair and impartial trial cannot be had" in Newberry County. The motion was made, and sustained by the trial judge, upon the ground that, since the Authority is authorized to provide its service on a county-wide basis, it would be impossible to empanel a jury that would not have a direct or indirect interest in any recovery made by the Authority. The trial judge further based the change of venue on the finding that "all water users of the county would stand to, at least theoretically, benefit financially from a recovery by plaintiff." The Authority has appealed from the order changing venue to Greenwood County. We reverse.

There is a total absence of any factual showing that an impartial jury cannot be empanelled in Newberry County to try this case. The order under appeal is based solely upon the conclusion that, since the statute creating the Authority permits it to serve the entire county, it would be impossible to select a jury that would not "benefit financially from a recovery by the plaintiff (Authority)." The record does not support the conclusion. In fact, the limited extent of the Authority's service or distribution (at the most affecting approximately 4700 residential customers out of a county-wide population of over 29,000) indicates that about 5/6 of the citizens of the county are not users of the Authority's services. The ability to empanel a jury from non-users of the Authority's service is indicated by the fact that on the venire drawn to serve at the September 1980 term of court, at which the present motion was heard, only seven jurors were customers of the Authority.

The effect of the decision of the trial judge is that the Authority cannot, as a matter of law, litigate in its own county. We find nothing in this record to warrant such a drastic conclusion. On the contrary, under this record, there is ample showing that the orderly exercise of the available procedures for determining the impartiality of jurors will provide a jury free of bias or prejudice against any of the

parties. At least, those procedures should be allowed to operate.

The order under appeal, lacking factual support, is accordingly reversed and the case remanded to the court of common pleas for Newberry County for trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.