## A99A1944. MYERS v. NORTH GEORGIA TITLE & TAX FREE EXCHANGE, LLC.
### (527 SE2d 212)

ELLINGTON, Judge.

James I. Myers, pro se, appeals from the trial court's order granting North Georgia Title & Tax Free Exchange, LLC ("North Georgia") summary judgment. Myers was ejected from his home following a dispossessory proceeding in magistrate court brought by North Georgia after it acquired a quitclaim deed to Myers' property following an Internal Revenue Service (IRS) tax sale. Myers' appeal to the superior court was dismissed. Meyers then filed the instant action, seeking to litigate whether North Georgia had valid title to the property. North Georgia filed a motion to dismiss on res judicata grounds, which the court treated as a motion for summary judgment and granted. Because Myers did not have the opportunity in the prior suit to litigate the title issues he now raises, the doctrine of res judicata does not apply. Consequently, we must reverse the grant of summary judgment.

1. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). Viewed in this light, the record reveals that as a result of Myers' failure to pay income tax, the IRS placed liens against his home at 1328 Buford Highway. On January 30, 1997, the IRS seized the property. North Georgia bought the property for $146,000 at an auction held on April 8, 1997. The IRS issued North Georgia a certificate of sale on April 15, 1997. On October 7, 1997, after the expiration of the statutory 180-day redemption period, the IRS issued North Georgia a quitclaim deed to the property. North Georgia filed a dispossessory action in the Gwinnett County Magistrate Court on December 14, 1997.

Myers responded to the dispossessory action, arguing that North Georgia had no ownership interest in the property and that it had acquired the IRS liens but not title. Following a hearing on December 22, 1997, the magistrate court entered judgment in favor of North Georgia with possession to take place on January 8, 1998. The magistrate court informed Myers that he could appeal the decision by timely filing a notice of appeal and by paying the monthly rental into the court registry. Myers filed a notice of appeal, but failed to pay rent into the registry. For that reason, the superior court dismissed his notice of appeal. Myers did not appeal the dismissal order, and on February 13, 1998, Myers was evicted.

On June 19, 1998, Myers brought the instant action entitled

"Complaint for Quiet Title and Damages" in Gwinnett County Superior Court. A review of the complaint reveals that Myers sought to litigate "whether the federal tax sale was valid and effective" and whether North Georgia had a right to take possession of the property by virtue of the IRS quitclaim deed. Finding that Myers' claims were barred by the prior dispossessory action in magistrate court under the doctrine of res judicata, the superior court granted summary judgment in favor of North Georgia.

The doctrine of res judicata, codified in OCGA § 9-12-40, provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Applying this doctrine, a prior action will bar a subsequent action if these requirements are met:

> The first action must have involved an adjudication by a court of competent jurisdiction; the two actions must have an identity of parties and subject matter; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action.

(Citations omitted.) *Fowler v. Vineyard*, 261 Ga. 454, 455 (1) (405 SE2d 678) (1991); *Fedeli v. UAP/Ga. Ag. Chem.*, 237 Ga. App. 337 (514 SE2d 684) (1999).

In this case, the doctrine does not apply because Myers did not have the opportunity to litigate whether North Georgia had title to the property in the prior magistrate court action. The magistrate court has jurisdiction over landlord-tenant dispossessory actions under OCGA § 44-7-50 et seq., and not over ejectment suits under OCGA § 44-11-1. OCGA § 15-10-2 (6). North Georgia chose to file in the magistrate court a dispossessory action under OCGA § 44-7-50 against Myers as a tenant at sufferance. Pursuant to OCGA § 44-7-9, Myers "is estopped from asserting an ownership interest in the property, and thereby disputing his landlord's title to the property, during a dispossessory hearing." *Gentry v. Chateau Properties*, 236 Ga. App. 371, 372 (1) (511 SE2d 892) (1999); *Bridges v. City of Moultrie*, 210 Ga. App. 697, 698 (1) (437 SE2d 368) (1993). Because Myers could not dispute North Georgia's title in the prior proceeding, the doctrine of res judicata does not apply. See *Fowler v. Vineyard*, 261

Ga. at 455 (1).

We do not determine whether the trial court's ruling met the "judgment right for any reason" rule. Ordinarily a judgment right for any reason must be affirmed; however, where it is apparent that the trial court rested its judgment upon an erroneous legal theory, it commits reversible error. *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249) (1995).

2. In view of our decision in Division 1, we need not reach Myers' remaining enumerations of error.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 9, 1999.

James I. Myers, *pro se.*
*Chandler & Britt, Luther H. Beck, Jr.,* for appellee.