A02A1013. MAHAN et al. v. WATKINS.
(568 SE2d 130)

MIKELL, Judge.

Kenneth and Christy Mahan sued neighboring landowner Ellen Hay Watkins in connection with a retaining wall that the Mahans claimed was unsafe and encroached onto their property. The complaint was filed in magistrate court and asked for removal of the trespass, as well as damages and expenses. The magistrate court awarded the Mahans $592.50, plus $77 court costs. Watkins satisfied the judgment.

Watkins later commenced the present action against the Mahans, claiming interference with a contract for the sale of her property. In their answer, the Mahans asserted a number of counterclaims connected to the same retaining wall they complained of in the earlier action, including trespass, nuisance, and wrongful interference with possession of their land. Watkins moved for partial summary judgment on the ground that the Mahans' counterclaim was barred by res judicata. The trial court agreed and entered judgment

in favor of Watkins on the counterclaim. The Mahans appeal, and we affirm.

The issue presented is whether the Mahans' counterclaim was barred by res judicata because of the previous action in magistrate court.

> The doctrine of res judicata prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action. In order for res judicata to bar a subsequent action, it must be established that an identity of parties and subject matter exists between the two actions, and that a court of competent jurisdiction entered an adjudication in the earlier action.[1]

There is little question that identity of parties and subject matter exists between the counterclaim and the action in magistrate court. There was an additional party, James Edmondson, in the magistrate court action, but Watkins and the Mahans were parties to both actions. "[T]he phrase 'same parties' does not mean that all of the parties on the respective sides of the litigation in the two cases shall have been identical[;] it does mean that those who invoke the defense and against whom it is invoked must be the same."[2]

Both the magistrate court action and the counterclaim concern the retaining wall. The Mahans contend that the counterclaim is fundamentally different because it is based only on equitable claims, while the earlier action included a claim for damages. We disagree because "[t]he adding of additional claims for relief which grow out of the same factual situation [does] not amount to the adding of a new or different cause of action."[3]

The most substantive question is whether the magistrate court's lack of equity jurisdiction in the earlier action prevents the application of res judicata to the later counterclaim. Equitable jurisdiction is vested exclusively in the superior courts under Art. VI, Sec. IV, Par. I of the Georgia Constitution. Under OCGA § 15-10-2 (5), magistrate courts have jurisdiction over civil claims not exceeding $15,000, in which exclusive jurisdiction is not vested in the superior courts. Accordingly, the magistrate court had jurisdiction to hear the Mahans' trespass and other claims concerning the retaining wall and to award a damage judgment at law. But the magistrate court could

---

[1] (Citations and punctuation omitted.) *Labovitz v. Hopkinson*, 271 Ga. 330, 332 (2) (519 SE2d 672) (1999).

[2] (Citation omitted.) *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 345 (2) (270 SE2d 883) (1980).

[3] (Citation and punctuation omitted.) *McIver v. Jones*, 209 Ga. App. 670, 673 (b) (434 SE2d 504) (1993).

not, and did not, provide an equitable remedy by ordering the removal of the retaining wall. The Mahans argue that, because the magistrate court did not have jurisdiction to hear their claims in equity, the third element of res judicata — jurisdiction of the court in the previous action — is not met. The fault with this argument is that the magistrate court did have jurisdiction to hear the Mahans' case and award a remedy. The scope of the remedy was limited to one at law, but the Mahans chose the forum and were bound by the limitations of the court that they chose.[4] We find that the magistrate court was a court of competent jurisdiction for purposes of res judicata. To rule otherwise would present the possibility of a plaintiff suing twice on the same set of facts: once in the magistrate court for legal relief, and again in superior court for an equitable remedy. Such a result would be counter to the principle that "one must assert all claims for relief concerning the same subject matter in one lawsuit."[5]

There are fundamental dissimilarities between *Myers v. North Ga. Title &c. Exchange*,[6] upon which the Mahans rely, and this case. Myers was sued in a dispossessory action in magistrate court by North Georgia Title, which had purchased Myers's property at an IRS auction. Myers later sued North Georgia Title over title to the property, and we found that the action was not res judicata because Myers had been barred from disputing title in the previous dispossessory proceeding.[7] Unlike Myers, the Mahans chose the forum for the initial litigation, and the magistrate court in this action had jurisdiction to hear the question presented, notwithstanding the limitation as to remedies.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 1, 2002.

*Fincher & Hecht, Steven M. Fincher, Murray J. Weed*, for appellants.

*William A. Wehunt*, for appellee.

---

[4] See *Brinson v. First American Bank*, 200 Ga. App. 552, 555 (2) (409 SE2d 50) (1991).
[5] (Emphasis omitted.) *Lawson v. Watkins*, 261 Ga. 147, 149 (2) (401 SE2d 719) (1991).
[6] 241 Ga. App. 379 (527 SE2d 212) (1999).
[7] Id. at 380.