A04A1675. CHEUNG KONG TRADING, INC. v. WARRICK-SIMS.
(609 SE2d 759)

MIKELL, Judge.

This is a slip and fall action. Initially, the trial court granted summary judgment in favor of the defendant restaurant, Cheung Kong Trading, Inc. d/b/a Grand Buffet & Grill ("Grand Buffet"), on the ground that plaintiff Barbara Warrick-Sims had failed to provide evidence as to the cause of her slip and fall. Plaintiff then moved for reconsideration and to allow the late filing of an affidavit that provided direct evidence that her fall had been caused by ice cream on the floor. The trial court granted plaintiff's motions, and upon reconsideration, it denied Grand Buffet's motion for summary judgment. The trial court issued a certificate of immediate review, and we granted Grand Buffet's application for interlocutory appeal. Because we conclude that the trial court did not abuse its discretion when it considered the affidavit submitted by the plaintiff, we affirm.

In its initial order granting Grand Buffet's motion, the trial court recites that, regarding the cause of her fall, plaintiff deposed that she "was under the impression it was the rug. But I soon learned . . . it wasn't, because I had ice cream on my pants." In addition, plaintiff deposed that her sister and her niece told her she had slipped on ice cream. Relying in part on *Christopher v. Donna's Country Store*,[1] the trial court reasoned that plaintiff's conclusion that she had slipped on ice cream on the floor was speculation, and her testimony regarding

---

[1] 236 Ga. App. 219, 220 (1) (511 SE2d 579) (1999) (we affirmed the grant of summary judgment to the defendant store on the issue of causation where the plaintiff could only speculate as to the substance that caused her fall).

what her relatives told her was hearsay lacking probative value. Therefore, in the absence of evidence of causation, Grand Buffet was entitled to summary judgment.

On the day following the issue of the order in favor of Grand Buffet, plaintiff filed the affidavit of her niece, who stated that she observed the plaintiff slip on partially melted ice cream. In her motion for reconsideration, plaintiff asserted that she learned for the first time through a reply brief served by Grand Buffet after 5:00 p.m. on the day before oral argument that Grand Buffet intended to rely upon *Christopher* as authority for its contention that the cause of the fall was mere speculation. The record shows, however, that Grand Buffet argued in its motion for summary judgment filed on March 14, 2003, that the cause of the plaintiff's fall was a matter of speculation. The trial court held that, although it did not agree with plaintiff's assertions that she lacked sufficient notice of Grand Buffet's contentions, the court would nevertheless exercise its discretion and grant the motion to permit the late filing of the affidavit as well as the motion for reconsideration.

On appeal, Grand Buffet asserts that the trial court abused its discretion in permitting the affidavit to be served and filed 32 days after the hearing. We disagree.

The trial court enjoys a broad discretion in deciding whether to consider affidavits not served within the time limits contemplated by the Civil Practice Act.[2] OCGA § 9-11-6 (b) provides, in relevant part:

> When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time . . . the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.

In giving such permission, the court is not required to make a written finding of excusable neglect, and, accordingly, a trial court is not required to state its basis for finding excusable neglect.[3]

In this case, the relevant portion of the trial court's order reads as follows:

> After this Court entered an Order granting Defendant's Motion for Summary Judgment based upon Plaintiff's failure to support her allegations with evidence, Plaintiff filed a

---

[2] *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 338 (2) (b) (508 SE2d 750) (1998).

[3] *Butler v. Household Mtg. Svcs.*, 244 Ga. App. 353, 355 (2) (535 SE2d 518) (2000).

Motion for Reconsideration and a Motion to Allow the Late Filing of an Affidavit in Opposition to Defendant's Motion for Summary Judgment. By way of her subsequent Motions, Plaintiff asserts that she did not have sufficient notice of Defendant's contention that Plaintiff's case was based on speculation. While the Court does not agree with Plaintiff's assertions, in the exercise of its discretion the Court hereby GRANTS Plaintiff's Motion to Allow the Late Filing of an Affidavit.

In this order, the trial court explicitly rejects one possible ground for plaintiff's excusable neglect. It cannot be determined from the order, however, if the trial court believed that the rejected explanation of excusable neglect was the *only* possible explanation. And, based on the record now before us, it cannot be determined that no other bases exist which may have become evident at the summary judgment hearing (a transcript of which has not been attached).

As a reviewing court, in the absence of transcripts or evidence of record to the contrary, we must apply a presumption in favor of the regularity of court proceedings.[4] Applying that presumption in this case, we must assume, in the absence of evidence to the contrary, that the trial court found some basis for its finding of excusable neglect other than that it explicitly rejected. Accordingly, based upon this record, it cannot be said that the trial court abused its discretion, and the trial court's rulings herein should be affirmed.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 26, 2005.

*Finley & Buckley, James B. Finley, Richard P. Spencer II*, for appellant.

*Brown & Shamp, Laura M. Shamp*, for appellee.

---

[4] See, e.g., *Sprayberry v. Dougherty County*, 273 Ga. 503, 504 (2) (543 SE2d 29) (2001).