A06A0365. GREEN v. BOARD OF DIRECTORS OF PARK CLIFF UNIT OWNERS ASSOCIATION, INC.
(631 SE2d 769)

MIKELL, Judge.

On or about June 9, 2004, appellant and condominium owner Ted Green filed a pro se complaint in magistrate court against defendant Park Cliff Condominium Association, claiming that "Park Cliff . . . failed to maintain the condominium complex in accordance with its bylaws and standards." The complaint sought damages in the amount of $2,520 and attorney fees of $54. On September 13, 2004, the magistrate court entered judgment in favor of defendant and against the plaintiff for failure to prove a claim.[1] On the same date, Green filed this pro se action in the Superior Court of Fulton County seeking an injunction against the Board of Directors of Park Cliff Unit Owners Association, Inc. ("Park Cliff"), to maintain and repair common areas of the Park Cliff condominium development as required by its Declaration of Condominium. After Park Cliff moved for summary judgment on grounds of res judicata, Green obtained counsel. During a hearing on the motion, which was not transcribed, Park Cliff allegedly presented the following documents from the previous case: Plaintiff's Statement of Claim and the Order and Judgment in favor of defendant Park Cliff Condominium Association. At the close of the hearing, the trial court allegedly indicated from the bench that res judicata applied to the present action, but that without an affidavit of certification for the magistrate court documents, there was insufficient evidence in the court's record to rule in favor of Park Cliff.[2] Subsequently, Park Cliff filed a "Motion for Reconsideration and Motion to Allow Late Filing of Affidavit of Susan I. Barnes, Chief Deputy Clerk of the Magistrate Court of Fulton County." Green objected to the late filing of the affidavit because Park Cliff had not demonstrated excusable neglect. The trial court disagreed, granted

---

[1] Green did not appeal the magistrate court judgment.

[2] It is unclear whether the trial court denied the motion or reserved ruling on it, since a hearing transcript was not included in the record.

Park Cliff's motions, and dismissed Green's complaint with prejudice. On appeal, Green contends that the trial court abused its discretion in permitting the affidavit to be filed and erred in granting summary judgment to Park Cliff. We disagree.

1. Green contends that the trial court abused its discretion in permitting Park Cliff to file Barnes' affidavit because there was no evidence of excusable neglect.[3] We find Green's contention unavailing in light of our recent opinion in *Cheung Kong Trading v. Warrick-Sims*.[4]

Under OCGA § 9-11-6 (d), affidavits in support of a motion must be served at the time the motion is served, unless the trial court exercises its discretion under OCGA § 9-11-6 (b) to permit later service. Subsection (b) provides:

> When . . . an act is required or allowed to be done at or within a specified time, . . . the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.

"In giving such permission, the court is not required to make a written finding of excusable neglect, and, accordingly, a trial court is not required to state its basis for finding excusable neglect."[5] Here, the trial court's order reads as follows: "The Court finds excusable neglect and permits the late filing of the Affidavit of . . . [the] Chief Deputy Clerk of the Magistrate Court of Fulton County." The fact that Park Cliff's motion did not present any factual evidence to support a claim of excusable neglect did not preclude the trial court from finding excusable neglect. It is possible that Park Cliff raised another basis at the summary judgment hearing; however, a transcript is not included in the appellate record.

> As a reviewing court, in the absence of transcripts or evidence of record to the contrary, we must apply a presumption in favor of the regularity of court proceedings. Applying that presumption in this case, we must assume, in the absence of

---

[3] We note that under OCGA § 24-7-20, an affidavit was not required to authenticate the documents filed in the magistrate court action:

> The certificate or attestation of any public officer, either of this state or any county thereof, shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper of file, or other matter or thing in his respective office, or pertaining thereto, to admit the same in evidence.

[4] 271 Ga. App. 406 (609 SE2d 759) (2005).

[5] (Footnote omitted.) Id. at 407.

evidence to the contrary, that the trial court found some basis for its finding of excusable neglect.[6]

Accordingly, based upon this record, it cannot be said that the trial court abused its discretion in permitting the affidavit to be filed.[7]

2. Green contends that summary judgment was improper because Park Cliff failed to prove that the issues raised in this action are identical to those raised in the prior litigation. We do not agree.

> The doctrine of res judicata prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action. In order for res judicata to bar a subsequent action, it must be established that an identity of parties and subject matter exists between the two actions, and that a court of competent jurisdiction entered an adjudication in the earlier action.[8]

Green does not dispute that there is identity of parties. However, he claims that "the facts which formed the basis [of the first action] were totally separate and distinct in time and subject matter from the facts surrounding the instant action." Specifically, Green contends — and averred in an affidavit — that the first action pertained to Park Cliff's negligent failure to repair a roof which caused damage to a bathroom ceiling and bedroom wall in Green's unit in February 2004, but that he brought the instant action to compel Park Cliff to repair common areas of the property, including a leaking roof, which have been in disrepair since 2003.

OCGA § 9-12-40, which codified the doctrine of res judicata, provides that, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." "Thus, it is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is

---

[6] (Footnote omitted.) Id. at 408.

[7] See, e.g., *Hunter v. Werner Co.*, 258 Ga. App. 379, 382 (1) (574 SE2d 426) (2002) (the trial court's discretion "to decide whether it will consider affidavits not served within the time limits contemplated by the statutes . . . is consistent with the Civil Practice Act's intent to promote justice and not to obstruct the administration of justice") (punctuation and footnotes omitted).

[8] (Footnote omitted.) *Mahan v. Watkins*, 256 Ga. App. 260, 261 (568 SE2d 130) (2002).

valid."[9] Based on the record before us, we find that both the magistrate action and the instant action concern Park Cliff's failure to maintain the condominium complex in accordance with its bylaws and standards. Accordingly, any claim for injunctive relief against Park Cliff could have been asserted in the first action. That the magistrate court lacked subject matter jurisdiction to provide equitable relief is immaterial. In *Mahan*, supra, we considered whether the magistrate court's lack of equity jurisdiction in an earlier action prevented the application of res judicata to a later counterclaim, and answered in the negative finding that "[appellants] chose the forum and were bound by the limitations of the court that they chose."[10]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MAY 25, 2006.

*Karla Y. Vogel*, for appellant.
*Adam C. Joffe, Lynn M. Leonard*, for appellee.

---

[9] (Citation omitted; emphasis in original.) *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998).
[10] (Footnote omitted.) *Mahan*, supra at 262.