[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16625
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02113-CV-1

WELLS FARGO BANK, N.A.,

Plaintiff-Counter-
Defendant-Appellee,

versus

WILLIAM M. HENLEY, JR.,
And All Others,

Defendant-Counter-
Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 11, 2006)**

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

William M. Henley, Jr., proceeding pro se, appeals the district court's order remanding the removed dispossessory action originally filed against him in state court. The underlying action was based on a loan for real property that Henley obtained from Wells Fargo Bank, N.A. ("Wells Fargo"). After Henley failed to repay the loan, Wells Fargo foreclosed, purchased the real property at the foreclosure sale, and subsequently initiated a dispossessory proceeding, which Henley attempted to remove to federal court under 28 U.S.C. §§ 1441 and 1443.[1] The district court remanded the action under 28 U.S.C. § 1447(c), finding that it lacked jurisdiction. Henley now appeals.

Henley argues that the district court erred in implicitly finding that he had failed to state adequate grounds for removal pursuant to 28 U.S.C. §1443(1) because dispossessory defendants as a class are denied certain civil rights, and the plain meaning of the statute does not require consideration of racial equality.

We review de novo a district court's decision to remand a removed case. Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, L.L.P., 365 F.3d 1244, 1245 (11th Cir. 2004).

Under § 1443, removal is proper "[a]gainst any person who is denied or

---

[1] We have jurisdiction to consider only whether removal was proper under § 1443. 28 U.S.C. § 1447(d) (barring review of remand orders pursuant to § 1447(c)); Alabama v. Conley, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001) .

cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with the jurisdiction thereof." 28 U.S.C. § 1443(1).

Removal under § 1443(1) must satisfy a two-prong test. First, the petitioner must show that the "right upon which [he] relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (quotation omitted) (citing Georgia v. Rachel, 384 U.S. 780, 788, 86 S.Ct. 1783, 1788, 16 L.Ed.2d 925 (1966)). Claims of violations of rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice. Id. Second, the petitioner "must show that he has been denied or cannot enforce that right in the state courts." Id. Land use rights generally are reserved for state courts. Sofarelli v. Pinellas County, 931 F.2d 718, 724 (11th Cir. 1991).

Here, Henley failed to allege adequate grounds for removal of his dispossessory action pursuant to §1443(1), because his claim was not based on the denial of civil rights stated in terms of racial equality. Furthermore, there was no evidence that Henley would have been denied or could not enforce his rights in state court. See Myers v. North Ga. Title & Tax Free Exchange, LLC, 527 S.E.2d

3

212, 214 (Ga. Ct. App. 1999).  Accordingly, the district court properly remanded

the case, and we **AFFIRM.**