A06A1622. JONES v. FULTON COUNTY.
(635 SE2d 851)

ANDREWS, Presiding Judge.

Phillip Jones, Sr., appeals pro se from the dismissal of his lawsuit against Fulton County. Jones alleged that Fulton County (County) had harassed him, discriminated against him, and retaliated against

---

him for filing grievances and a lawsuit. The trial court granted the County's motion to dismiss. For reasons that follow, we reverse.

Although not before us in the record on appeal, it appears that Jones initially filed claims against the County in federal court on July 15, 2003, mainly alleging discrimination in the workplace. That court granted the County's motion to dismiss, and this dismissal was later affirmed by the Eleventh Circuit Court of Appeals.

Jones also filed a grievance under the County's internal procedures after a warning letter was put in his personnel file. The County denied the grievance, and Jones appealed the decision to an arbitrator. The arbitrator sustained the grievance and ordered the warning letter removed from Jones's file.

The warning letter was issued on May 12, 2004. The arbitrator's decision was handed down on May 5, 2005. On September 15, 2004, while the appeal from the warning letter was ongoing, the County sent Jones a letter notifying him that he had a mandatory appointment with the Fulton County Mental Health Department for a "Fitness-for-Duty" evaluation and also stating that he had been placed on official leave. Jones kept the appointment but said that he wanted legal counsel before submitting to the evaluation. Because Jones had not rescheduled the appointment as of October 19, he received a ten-day suspension.

At some point Jones reported for the evaluation and was pronounced "Unfit for Duty." When Jones appealed, he was informed that he must pay all costs for an independent evaluation and official leave time was not available to him. Jones then went for another evaluation to an independent psychiatrist who concluded that he was fit to return to work.

The psychiatrist's report was issued on May 24, 2005. On May 31, 2005, Jones filed his first complaint in superior court, styling it as a "Petition for Judicial Review." In this complaint and in each subsequent filing, Jones clearly raised the issue of harassment and retaliation associated with the "Unfit for Duty" incident. He also claimed specific damages as a result of this incident. Jones contended that because the fitness for duty evaluation was unwarranted, he should be reimbursed for the costs associated with the independent evaluation and also should have his leave time reinstated.

The County filed a motion to dismiss Jones's claims, claiming that they were res judicata because he had already litigated his claims in federal court and before the arbitrator. The County did not address the "Fitness-for-Duty" incident in its motion to dismiss. The County also does not address this issue in its brief on appeal.

The trial court dismissed Jones's complaint after determining that "there is an identity of parties and subject matter between the

present litigation and prior actions, [and] the decision of the prior court acts as a bar due to *res judicata*." This appeal followed.

"The doctrine of res judicata prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action. In order for res judicata to bar a subsequent action, it must be established that an identity of parties and subject matter exists between the two actions, and that a court of competent jurisdiction entered an adjudication in the earlier action." *Green v. Bd. of Directors of Park Cliff Unit Owners Assn.*, 279 Ga. App. 567, 569 (2) (631 SE2d 769) (2006).

The record shows that Jones filed his complaint in federal court on July 15, 2003, long before the "Unfit for Duty" incident occurred. And, the arbitrator declined to hear the issues related to the "Fitness-for-Duty" evaluation and subsequent suspension because these acts occurred after the warning letter was issued and the arbitrator stated that he did not have jurisdiction beyond the issue of the propriety of the warning letter. Further, Jones has clearly raised claims that the mandatory "Fitness-for-Duty" evaluation and suspension were performed in retaliation for his previous lawsuit and grievances and that he suffered damages as a result.

Because these claims concerning the "Fitness-for-Duty" evaluation and suspension were not part of the federal lawsuit and were not considered by the arbitrator, there is no identity of subject matter and therefore they were not res judicata. Accordingly, the trial court erred in dismissing the claims on this basis.

*Judgment reversed. Barnes and Bernes, JJ., concur.*

DECIDED AUGUST 23, 2006.

Phillip A. Jones, Sr., *pro se.*
*Paula A. Morgan, S. Carlton Rouse*, for appellee.