## S09A1588. SETLOCK v. SETLOCK et al.

(688 SE2d 346)

MELTON, Justice.

Steven Setlock and his father, Eugene Setlock, entered an alleged oral agreement to purchase a lake house property located in Blairsville, Georgia ("Lake House"). The agreement provided for Eugene to pay $150,000 of the $203,250 purchase price. Steven was to finance the remainder and pay the monthly mortgage payments, taxes, and insurance on the property. Despite the alleged oral agreement for the parties to purchase the property together, title to the property was acquired solely in Steven and his wife's names, and Steven contends that Eugene and his wife were only allowed to live at the Lake House as Steven and his wife's tenants. See, e.g., *Browning v. Fed. Home Loan Mtg. Corp.*, 210 Ga. App. 115 (3) (435 SE2d 450) (1993).

While Eugene and his wife were living on the property, a dispute arose between the parties, which eventually led to Steven filing a dispossessory action against Eugene and his wife in the Union County Magistrate Court in July 2007. Eugene filed counterclaims seeking to quiet title, a declaratory judgment, and an injunction, and pursuing money damages that exceeded the $15,000 jurisdictional limit[1] of the magistrate court (the "Lake House claims").[2] Based on his assertion of equitable claims and a request for money damages in excess of the magistrate court's jurisdictional limit, Eugene petitioned to have the case removed to the Superior Court of Union County. However, the magistrate court denied transfer and entered a judgment, granting possession of the Lake House to Steven and granting a writ of possession in favor of Steven, requiring Eugene and his wife to vacate the premises. Eugene then attempted to appeal the magistrate court judgment to the Superior Court of Union County, but the superior court dismissed the appeal as untimely.

On May 22, 2008, Eugene then filed in the Superior Court of Union County a petition to quiet title, which contained the same Lake House claims that he had previously filed as counterclaims in the magistrate court dispossessory action. Steven moved to dismiss the complaint, and the superior court granted the motion with regard to the Lake House claims, determining that the doctrine of res judicata barred Eugene from reviving in superior court the same claims that he had previously asserted as counterclaims in magistrate court. We granted Eugene's application for discretionary appeal

---

[1] See OCGA § 15-10-2 (5).

[2] Eugene also asserted claims of breach of fiduciary duty and conversion, but those claims are not at issue in this appeal.

to determine whether the superior court erred in determining that Eugene's Lake House claims were barred by res judicata. For the reasons that follow, we reverse.

"The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." (Citation and punctuation omitted.) *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 546 (629 SE2d 260) (2006). Before res judicata applies, three prerequisites must be satisfied — "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." Id. Here, the first two elements are not at issue as the parties involved are the same and the claims Eugene filed in superior court were identical to the counterclaims he had previously alleged in magistrate court. The only question before this Court is whether the magistrate court was a court of competent jurisdiction regarding Eugene's Lake House claims such that its judgment is binding, which would bar revival of Eugene's Lake House claims in superior court.

> Each magistrate court and each magistrate thereof shall have jurisdiction and power over . . . [t]he trial of civil claims . . . in which exclusive jurisdiction is not vested in the superior court and the amount demanded or the value of the property claimed does not exceed $15,000.00 . . . [and] [t]he . . . issuance of writs and judgments in dispossessory proceedings.

OCGA § 15-10-2 (5) and (6). However, "[f]or the purpose of enabling all persons owning real estate within this state to have the title thereto settled and registered[,] . . . the *superior court* of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon." (Emphasis supplied.) OCGA § 44-2-60.

Thus, here, although the magistrate court had jurisdiction over Steven's dispossessory action, it did not have jurisdiction to render a binding judgment on Eugene's Lake House counterclaims which included claims for declaratory judgment, to quiet title, and an injunction, and which sought money damages that exceeded the $15,000 jurisdictional limit of the magistrate court. See *Myers v. North Ga. Title & Tax Free Exchange, LLC*, 241 Ga. App. 379, 380 (1) (527 SE2d 212) (1999). Indeed, unlike in the cases cited by Steven in his brief, here, Eugene did not "choose" the magistrate court as the forum within which to bring his Lake House counterclaims, thereby binding him to any judgment rendered in the magistrate

court and preventing him from later re-asserting his claims in a future action. See *Mahan v. Watkins*, 256 Ga. App. 260 (568 SE2d 130) (2002) (where plaintiffs brought a suit in magistrate court that included equitable claims over which magistrate court had no jurisdiction, plaintiffs' attempt to re-assert these equitable claims in subsequent superior court case was barred by res judicata, as "the [plaintiffs] chose the [magistrate court as their initial] forum and were bound by the limitations of the court that they chose") (footnote omitted). See also *Green v. Bd. of Directors of Park Cliff Unit Owners Assn.*, 279 Ga. App. 567 (631 SE2d 769) (2006) (condo owner who filed suit for money damages in magistrate court could not later assert equitable claims in superior court based on same set of facts). To the contrary, Eugene was the *defendant* in the dispossessory action here. He raised his counterclaims in response to an action that was initially filed by *Steven* in the magistrate court. To avoid potential waiver of his counterclaims that arose out of the transaction or occurrence that was the subject matter of Steven's dispossessory action, Eugene was required to raise them in magistrate court. See OCGA 15-10-45 (a) (compulsory counterclaims in magistrate court). However, the statutory requirement for Eugene to raise his compulsory counterclaims in magistrate court did not somehow confer jurisdiction in that court to resolve these claims over which, by law, it had no jurisdiction. See OCGA §§ 15-10-2 and 44-2-60.

Due to the magistrate court's lack of jurisdiction over the Lake House counterclaims raised by Eugene, it was not a "court of competent jurisdiction" to resolve these claims on the merits, and the doctrine of res judicata did not bar Eugene from re-asserting these same claims in superior court. See *Brown Realty Assoc. v. Thomas*, 193 Ga. App. 847 (2) (389 SE2d 505) (1989) (Where party asserted as a defense in magistrate court dispossessory action that property had been fraudulently sold, res judicata did not bar the party from re-asserting this claim in superior court, because "[s]uperior courts have exclusive jurisdiction in cases respecting title to land . . . [and] [r]es judicata only applies if the [prior] judgment is from a court of competent jurisdiction") (citations and punctuation omitted). Accordingly, the superior court erred in determining that the Lake House claims asserted in Eugene's petition to quiet title were barred by res judicata.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 25, 2010.

*Ann M. Vaughan*, for appellant.

*Bryman & Clerke, David N. Bryman*, for appellee.

