**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 21, 2014**

# In the Court of Appeals of Georgia

A14A1429. WPD CENTER, LLC et al. v. WATERSHED, INC. et al.

ANDREWS, Presiding Judge.

Watershed, Inc. entered into a commercial lease agreement with WPD Center, LLC, to operate a restaurant on premises owned by WPD. Watershed sued WPD for breach of the lease, and WPD answered and counterclaimed asserting that Watershed breached the lease.[1] WPD appeals from the trial court's order granting partial summary judgment in favor of Watershed and denying WPD's motion for summary judgment.

---

[1] Additional plaintiffs in the suit were Susan B. Owens and Emily Sailers, who personally guaranteed the lease. The plaintiffs (appellees) are collectively referred to as Watershed. In addition to WPD, the suit named as defendant James B. Beak, WPD's agent and property manager. The defendants (appellants) are collectively referred to as WPD.

To prevail on a motion for summary judgment, "the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991); OCGA § 9-11-56. The moving party on summary judgment may carry this burden by affirmatively presenting evidence which negates an essential element of the nonmoving party's claim, or by demonstrating the absence of evidence to support an essential element of the nonmoving party's claim. *Lau's Corp.*, 261 Ga. at 491. Applying these principles to WPD's claims, we affirm in part and reverse in part.

1. WPD claims that the trial court erred by denying its motion for summary judgment on all ten counts of Watershed's complaint on the basis of defenses asserting that Watershed's suit for breach of the lease was barred by the doctrine of res judicata, or, in the alternative, by an agreement between the parties.

(a) It is undisputed that, prior to the present suit (filed in Fulton Superior Court), WPD filed a dispossessory proceeding against Watershed in the Magistrate Court of DeKalb County; that Watershed filed counterclaims against WPD in the dispossessory seeking damages in excess of the $15,000.00 jurisdictional limit of the

2

magistrate court; and that, when the dispossessory was dismissed, the counterclaims were dismissed with prejudice.

> The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Before res judicata applies, three prerequisites must be satisfied - (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.

*Setlock v. Setlock*, 286 Ga. 384, 385 (688 SE2d 346) (2010). For purposes of res judicata, a voluntary dismissal with prejudice operates as an adjudication on the merits. *Fowler v. Vineyard*, 261 Ga. 454, 456 (405 SE2d 678) (1991). Watershed concedes that, based on the counterclaims it filed in the prior dispossessory action, there is identity of the cause of action and the parties with respect to its present claims against WPD, and that the only issue is whether adjudication on the merits occurred in a court of competent jurisdiction.

> Each magistrate court and each magistrate thereof shall have jurisdiction and power over . . . [t]he trial of civil claims . . . in which exclusive jurisdiction is not vested in the superior court and the amount demanded or the value of the property claimed does not exceed $15,000.00 . . . [and][t]he . . . issuance of writs and judgments in dispossessory proceedings.

3

OCGA § 15-10-2 (5) and (6); *Setlock*, 286 Ga. at 385. "[A]lthough the magistrate court had jurisdiction over [WPD's] dispossessory action, it did not have jurisdiction to render a binding judgment on [Watershed's] counterclaims . . . which sought money damages that exceeded the $15,000 jurisdictional limit of the magistrate court." Id. Because the magistrate court was not a court of competent jurisdiction to resolve those claims on the merits, the trial court correctly ruled that the doctrine of res judicata did not bar Watershed from reasserting the same claims in the present suit, and correctly denied WPD's motion for summary judgment on this ground. Id. at 386; OCGA § 9-11-56.

(b) The trial court also rejected WPD's claim that there was an agreement between the parties in conjunction with dismissal of the dispossessory action that resolved the dispute and barred Watershed's present claims. The record shows that the parties signed a letter agreement recognizing that the dispossessory action and the counterclaims in the magistrate court were being dismissed, and further stating that, "[t]he parties hereby further agree that all obligations owed and to be owed by any party under the lease are hereby reaffirmed." The trial court found the plain meaning of the letter (which contained no waiver or release language) was that the parties were reaffirming the enforceability of the lease, and that there was no settlement of the

4

present claims based on the lease. In fact, WPD conceded in the trial court that the letter was an agreement between the parties "to reaffirm their obligations under the Lease." Although the trial court ultimately based its ruling on other grounds, under the right for any reason rule, we affirm the trial court's denial of WPD's motion for summary judgment on this claim. *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002); OCGA § 9-11-56.

(c) WPD also contends that it was entitled to summary judgment because the record shows that, when the parties dismissed the dispossessory action and counterclaims, the parties filed a "Joint Stipulation of Dismissal" in the magistrate court. Because this claim was not asserted by WPD in the trial court as a basis for summary judgment, and was not ruled on by the trial court, it presents nothing for appellate review. *Calhoun GA NG, LLC v. Century Bank of Ga.*, 320 Ga. App. 472, 477 (740 SE2d 210) (2013).

2. WPD claims that the trial court erred by granting summary judgment in favor of Watershed on its claim that WPD breached the lease agreement by refusing to consent to a sublease of the premises requested by Watershed.

The lease contains a provision which states that: "It is agreed that [Watershed] may have the right to sub-lease the premises in part or in its entirety provided [WPD]

5

is given prior written notice and [Watershed] receives [WPD's] approval (which will not unreasonably be withheld and shall be subject to the criteria set forth in Paragraph 15.02)." Paragraph 15.02 of the lease sets forth criteria for WPD to consider when evaluating whether or not to approve a proposed sublease, including the type of business the subtenant proposes to operate, its reputation and expertise, and adequate assurance of the subtenant's financial condition, stability, and ability to pay the rent.

> [A] lease clause providing that a lessor cannot unreasonably withhold consent to assign the lease is a covenant upon the landlord . . . [U]nder such a clause, the term "reasonable" cannot comprehend arbitrary or capricious reasons, or merely personal preferences . . . [–] the term refers to considerations of fairness and commercial reasonableness. Although the question of reasonableness and unreasonableness is most often a jury issue, in plain and palpable cases the determination may be made by the court.

*Pakwood Indus., Inc. v. John Galt Assoc.*, 219 Ga. App. 527, 529 (466 SE2d 226) (1995) (punctuation and citations omitted); *Stern's Gallery of Gifts, Inc. v. Corporate Property Investors, Inc.*, 176 Ga. App. 586, 592-597 (337 SE2d 29) (1985). Where a lease contains a clause requiring that such consent not be unreasonably withheld, a withholding of consent, which fails the test of fairness and commercial reasonableness, constitutes a breach of the lease. Id. at 596.

6

We find that the facts in this case present a jury issue as to whether or not WPD unreasonably withheld consent to the proposed sublease. The record shows WPD found that the proposed subtenant was financially capable and otherwise acceptable as a subtenant. But we find the record does not support the trial court's conclusion that WPD simply rejected the proposed subtenant (despite being acceptable under the criteria set forth in paragraph 15.02 of the lease) and that WPD acted unreasonably as a matter of law. The record contains evidence which could support a finding by a jury that, during negotiations with WPD, the proposed subtenant conditioned its willingness to sublease for Watershed's remaining term on WPD's willingness to extend the lease term or agree to a new lease term. Under these circumstances, whether or not WPD acted unreasonably in breach of the lease was a jury issue.

Moreover, there is no evidence in the record that Watershed provided WPD with written notice of the proposed subtenant in accordance with the formal notice provisions of the lease, although there is evidence Watershed provided informal written notice, and that WPD met with the proposed subtenant. The lease contained a provision requiring that Watershed give written notice to WPD of a claimed breach in order to give WPD 30 days to perform before being deemed in default of the lease. There is no evidence that Watershed complied with this notice provision with respect

7

to its claim that WPD breached the lease by unreasonably withholding consent to the proposed sublease. The trial court ruled, as a matter of law, that WPD waived these notice provisions by its actions. But the lease also provided that "no waiver by [WPD] of any provision of this Lease shall be deemed to have been made unless expressed in writing and signed by [WPD]," and there is no evidence that WPD made a written waiver. Although a contractual provision against waiver may itself be waived by conduct of the parties, we find the trial court erred by ruling as a matter of law that WPD waived the provisions regarding notice. See *Smith v. General Finance Corp. of Ga.*, 243 Ga. 500, 501 (255 SE2d 14) (1979); *Radha Krishna, Inc. v. Desai*, 301 Ga. App. 638, 641 (689 SE2d 78) (2009). Whether under the circumstances WPD waived the notice provisions and the provision against waiver is a jury issue. Id. Accordingly, the trial court erred by granting summary judgment in favor of Watershed on its claim that WPD breached the lease agreement by refusing to consent to the sublease. OCGA § 9-11-56.

3. The trial court correctly granted summary judgment in favor of Watershed on WPD's counterclaim for past due rent under the lease. OCGA § 9-11-56.

The trial court ruled that, because WPD accepted Watershed's surrender of the premises, rent obligations under the lease terminated in May 2012.

8

> A surrender of a lease by operation of law may arise from any condition of facts voluntarily assumed by the parties and incompatible with the continued existence of the relation of landlord and tenant between them. Where a landlord exercises a control over the premises inconsistent with the tenant's right of occupation, he thereby discharges the tenant from liability for future rent, and a cancellation or rescission of the contract is thus effected by agreement of the parties, express or implied.

*Savannah Yacht Corp. v. Thunderbolt Marine, Inc.*, 297 Ga. App. 104, 111 (676 SE2d 728) (2009) (punctuation and citations omitted). The record shows that in May 2012 WPD sent Watershed a written demand for possession of the premises; that Watershed complied with the demand by surrendering possession of the premises to WPD and returning the key; and that WPD took possession and changed the locks. WPD's agent, Beak, testified that WPD understood this to be a surrender of the premises. Under these circumstances, the trial court correctly found as a matter of law that WPD accepted surrender of the premises and discharged Watershed from liability for future rent.

4. WPD contends that the trial court erred by granting summary judgment in favor of Watershed on its claims for attorney fees under the lease.

The lease provides that:

> In the event [WPD] or [Watershed] shall be in default in the performance of any of its obligations under this Lease, and an action shall be brought for the enforcement thereof in which it shall be finally

9

and no further appeal determined that [WPD] or [Watershed] was in default, the party in default shall pay to the other party all attorney's fees and litigation expenses incurred or paid by it in connection therewith.

The trial court awarded attorney fees pursuant to this provision to Watershed on its claim that WPD defaulted under the lease by unreasonably withholding consent to the proposed sublease. See Division 2, supra. Because we reversed the trial court's grant of summary judgment in favor of Watershed on this claim, the trial court's award of attorney fees on this claim is also reversed.

The trial court also awarded Watershed attorney fees pursuant to the lease provision on the basis that Watershed was granted summary judgment on WPD's counterclaim for unpaid rent. The above-cited lease provision awards attorney fees to the party who successfully brings an action establishing that the other party was in default under the lease. The provision does not award attorney fees to a party for successfully defending against the other party's default claim. The trial court's award of attorney fees to Watershed for successfully defending against WPD's counterclaim is reversed.

*Judgment affirmed in part and reversed in part. McFadden and Ray, JJ., concur.*

10