**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 4, 2023**

# In the Court of Appeals of Georgia

A23A0461. TATE v. HABIF et al.

BROWN, Judge.

Geffry Tate, pro se, appeals the superior court's order dismissing his claims against defendants Michael A. Habif d/b/a Habif Properties and Habif Properties, LLC (collectively "Habif"). Because the superior court incorrectly concluded that Tate's claims were barred by the doctrine of res judicata, we reverse.

"We review de novo the trial court's grant of a motion to dismiss. A motion to dismiss may be granted only where a plaintiff would not be entitled to relief under any set of facts that could be proven in support of the plaintiff's claim." (Citation and punctuation omitted.) *Burrowes v. Tenet Healthsystem GB*, 319 Ga. App. 389, 390-391 (735 SE2d 131) (2012). So viewed, the record shows that Habif filed a dispossessory action against Tate "and all other occupants" of a commercial lease in

the Magistrate Court of Fulton County on November 2, 2020, in which it sought possession of the premises and past due rent in the amount of $28,941. Tate filed an answer and counterclaim seeking damages in the amount of $198,700 as a result of Habif's failure to repair the property. Tate also filed statements in support of his answer and counterclaim as to why Habif was not entitled to evict Tate or secure a money judgment and why Habif "owe[d]" Tate, which provided that Habif "committed a breach of the Lease Agreement and Fraud to induce me into signing a lease. Which caused our Business and Church to suffer a loss of over $198,700.00. Repairs and replacement to interior, exterior and grounds [were] not completed per our agreement and Georgia Law OCGA § 13-6-14." Following a hearing, the magistrate court issued an order on February 5, 2021, awarding Habif a writ of possession and $15,000 in rental payments through February 12, 2021. The court's order indicated that Tate's counterclaim was "VOLUNTARILY DISMISSED by tenant so that he can file in state court — damages of $198,700 claimed by tenant which exceeds Magistrate Court jurisdiction per OCGA § 15-10-2 (5)." This portion of the order was handwritten by the magistrate judge and the pre-printed words "DISMISSED WITHOUT PREJUDICE" were crossed out with the words "VOLUNTARILY DISMISSED" written above.

2

Tate filed this action against Habif in the Superior Court of Fulton County on November 29, 2021, alleging claims for fraud, breach of contract, harassment, false reporting to credit bureaus, and personal injury, and seeking damages in the amount of $2,091,654. In particular, Tate alleged that Habif committed fraud by inducing Tate to "sign[ ] a lease . . . stating all grounds, roof repairs or replacement . . . would be immediately replaced or repaired"; that the failure to repair caused flooding which resulted in mildew and black mold; and that this continued exposure to mildew and black mold has caused health problems for Tate and other family members. Tate also alleged that on August 3, 2021, Habif opened a derogatory account with a credit bureau stating that Tate owes Habif $59,507, causing Tate's credit score to drop dramatically. Habif moved to dismiss the complaint on the ground of res judicata. The superior court granted the motion, finding that the claims brought by Tate in the instant action

> were conclusively litigated in the prior action in the Magistrate Court of Fulton County and cannot be re-litigated. [Tate] explicitly asserted his claims that [Habif] breached the lease by failing to make repairs to the subject property and fraudulently induced him into entering the lease by promising to make such repairs as both defenses and counterclaims in the dispossessory action. The Magistrate Court of Fulton County heard and considered these claims and entered judgment in favor of [Habif]

3

and [Tate] did not appeal. The judgment of the Magistrate Court is, therefore, conclusive as to the claims that [Tate] now attempts to re-litigate against [Habif] in this action. OCGA § 9-12-40.

1. While Tate is incorrect that Habif waived the affirmative defense of res judicata by failing to raise it in its answer, see *Gerschick & Assoc., P.C. v. Pounds*, 266 Ga. App. 852, 855 (1) (a) (598 SE2d 522) (2004) ("if [res judicata] is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver"), Tate is correct that his claims in superior court were not barred by res judicata.

> The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Before res judicata applies, three prerequisites must be satisfied — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.

(Citations and punctuation omitted.) *Setlock v. Setlock*, 286 Ga. 384, 385 (688 SE2d 346) (2010). See also OCGA § 9-12-40 ("[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in

4

the cause wherein the judgment was rendered until the judgment is reversed or set aside"). Assuming that the first two prerequisites have been satisfied here, the third prerequisite has not. With regard to the third prerequisite, the Supreme Court of Georgia's holding in *Setlock* applies.

In *Setlock*, a son filed a dispossessory action against his father in magistrate court seeking possession of a lake house. 286 Ga. at 384. The father filed counterclaims seeking to quiet title, a declaratory judgment, an injunction, and a money judgment in excess of the $15,000 jurisdictional limit of the magistrate court. Id. The magistrate court denied the father's petition to transfer the case to superior court and entered a judgment granting possession of the lake house to the son and granting a writ of possession in favor of the son. Id. The father's attempt to appeal the judgment to the superior court was dismissed as untimely and he then filed in the superior court a petition to quiet title, which contained the same claims that he had previously filed as counterclaims in the magistrate court dispossessory action. Id. The son moved to dismiss the complaint, and the superior court granted the motion, ruling "that the doctrine of res judicata barred [the father] from reviving in superior court the same claims that he had previously asserted as counterclaims in magistrate court." Id. The Supreme Court of Georgia reversed, concluding that "although the magistrate

5

court had jurisdiction over [the son's] dispossessory action, it did not have jurisdiction to render a binding judgment on [the father's] counterclaims which included claims for declaratory judgment, to quiet title, and an injunction, and which sought money damages that exceeded the $15,000 jurisdictional limit of the magistrate court." Id. at 385. The Court noted that because the father was the defendant in the dispossessory action, he did not choose the magistrate court as the forum in which to bring his counterclaims, but to avoid potential waiver of his counterclaims, he was required to raise those claims in response to his son's dispossessory action in the magistrate court. Id. at 385-386. "However, the statutory requirement for [the father] to raise his compulsory counterclaims in magistrate court did not somehow confer jurisdiction in that court to resolve these claims over which, by law, it had no jurisdiction." Id. at 386. Thus, our Supreme Court concluded that the superior court erred in granting the son's motion to dismiss, finding that "[d]ue to the magistrate court's lack of jurisdiction over the [father's] counterclaims . . . , it was not a 'court of competent jurisdiction' to resolve these claims on the merits, and the doctrine of res judicata did not bar [the father] from re-asserting these same claims in superior court." Id. See also *WPD Center, LLC v. Watershed, Inc.*, 330 Ga. App. 289, 289-290 (1) (a) (765 SE2d 531) (2014) (because magistrate court was not a court

6

of competent jurisdiction to resolve tenant's counterclaims on the merits, superior court correctly ruled that res judicata did not bar tenant from reasserting its counterclaims in superior court; the counterclaims had been previously filed in dispossessory action in magistrate court but dismissed with prejudice when the dispossessory was dismissed).[1] We similarly conclude that the superior court erred in granting Habif's motion to dismiss.

2. Tate's remaining enumerations challenge the judgment of the magistrate court. But, this Court cannot address those enumerations because the only "[t]he only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751 (406 SE2d 225) (1991).

*Judgment reversed. McFadden, P. J., and Markle, J., concur.*

---

[1] *Oh v. Bell*, 221 Ga. App. 276 (470 SE2d 807) (1996), relied upon by Habif, is inapposite because the appellee in that case failed to assert his current claims in superior court as compulsory counterclaims in the appellant's prior magistrate court action. Id. at 278. Here, Tate asserted his compulsory counterclaims in the magistrate court action, but instead of transferring the case to another court with jurisdiction over the case, the magistrate judge simply dismissed them.