A95A1503. PAKWOOD INDUSTRIES, INC. et al. v. JOHN GALT ASSOCIATES et al.
(466 SE2d 226)

RUFFIN, Judge.

Pakwood Industries, Inc., ("Pakwood") is a custom woodworking business owned by Joseph Brusich ("Brusich") and Ann Brusich. John Galt Associates is a joint venture comprised of Garett Backman, Charles Backman and Gene Anderson (collectively "Galt"). In September 1990, Pakwood leased space for its business from Montreal

Court AA ("lease"). The lease provided in part that Pakwood could not assign the lease or sublease the premises without the prior written consent of the landlord, which consent could not be unreasonably withheld. Galt subsequently purchased Montreal Court AA. Shortly thereafter, in the spring of 1993, Pakwood had financial difficulties and failed to pay rent, which ultimately caused Galt to file a dispossessory action. Pakwood eventually paid the past-due rent and the dispossessory action was dismissed.

In June 1993, the Brusichs began negotiating the sale of Pakwood's assets to System Implementation Services, Inc. ("SIS") and its owner Michael Greenberg. Greenberg formed SIS, a manufacturing consulting company of which he was the only employee, in 1990. On August 2, 1993, SIS and Pakwood executed a purchase agreement for Pakwood's assets. The purchase agreement provided that SIS would purchase all of Pakwood's assets but would assume none of Pakwood's liabilities or other obligations. Under the agreement, SIS was to pay Pakwood, or any entity Pakwood directed payment to, $200,000 cash at closing, $337,000 in promissory notes and a $100,000 "earn out" to be paid over five years. Although the purchase agreement also stated that Pakwood assigned the lease to SIS, the parties had not executed an assignment or obtained Galt's consent for an assignment. As security for the outstanding notes, SIS executed a security agreement pledging all the assets acquired from Pakwood under the sale. Finally, at Pakwood's insistence, Greenberg executed a personal guaranty for the $437,000 in outstanding debt.

Galt subsequently informed Pakwood that it would consent to an assignment of the lease if both Greenberg and Brusich would guaranty SIS's obligations under the lease. In a letter to Pakwood, Galt stated the reasons it required the guaranties. Galt explained that even if Pakwood remained liable for rent under the assignment, since it retained all liabilities and was being stripped of all assets in the sale to SIS, Pakwood's viability as an ongoing entity was questionable. Galt further explained that it had reviewed SIS's financial statements and discovered that SIS also had no significant assets. When Greenberg and Brusich refused to personally guaranty the lease, Galt proposed an alternative condition under which it would forego the personal guaranties in return for an option to terminate the lease upon the sale of the premises to another party. The proposed alternative was also rejected, and Greenberg subsequently terminated the purchase agreement because Pakwood could not obtain the lease assignment.

Pakwood sued Galt for damages allegedly caused by Galt's unreasonable refusal to consent to an assignment of the lease. The trial court granted Galt's motion for summary judgment and Pakwood appealed. Because we conclude that Galt's conditional consent for as-

signment was reasonable as a matter of law, we affirm.

1. A defendant may prevail at summary judgment by showing the court that the evidence in the record reveals "that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.] . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In *Stern's Gallery &c. v. Corp. Prop. Investors*, 176 Ga. App. 586 (4) (337 SE2d 29) (1985), this court ruled that a lease clause providing that a lessor cannot unreasonably withhold consent to assign the lease is a covenant upon the landlord. Id. The court held that under such a clause, the term "reasonable" cannot comprehend arbitrary or capricious reasons, or merely personal preferences, and that the term refers to considerations of fairness and commercial reasonableness. Id. Although "the question of reasonableness and unreasonableness is most often a jury issue, in plain and palpable cases the determination may be made by the court." Id. at 596.

The primary factor courts have considered in determining the reasonableness of a lessor's refusal to consent is the financial ability of the proposed tenant to perform under the lease. 54 ALR3d 679. See also *Jack Frost Sales v. Harris Trust &c. Bank*, 433 NE2d 941 (Ill. App. 1982) (not unreasonable to withhold consent where proposed tenant had insufficient capital). In light of our ruling in *Stern's* that "reasonable" refers to commercial reasonableness, we agree that the proposed tenant's ability to perform under the lease should be a key consideration.

Under the circumstances of this case, Galt's requirement of personal guaranties was reasonable. We note, that in its brief in response to Galt's motion for summary judgment and in its brief on appeal, Pakwood has neither argued nor pointed to evidence showing that Galt's concerns regarding SIS's ability to perform were unreasonable. The undisputed evidence showed that Galt was concerned with SIS's ability to perform under the lease. SIS was a relatively new business, and the record revealed no rental history. Under the purchase agreement, SIS acquired all of Pakwood's assets, but pledged those assets to secure its substantial debts to Pakwood. Although SIS's owner, Greenberg, had experience as a business consultant, he had no significant experience in furniture or cabinet making or any associated industry. Likewise, the undisputed evidence showed that Pakwood, which had financial difficulties and failed to pay rent in the past, sold all its assets under the purchase agreement, leaving it with no assets

to which Galt could turn in the event of a default under the lease. Faced with these facts, which led to concerns over the parties' ability to perform under the lease, Galt did not refuse to consent, but rather required personal guaranties. Because there is no conflict in the evidence supporting Galt's concerns, which concerns were further supported by Pakwood's own insistence on a personal guaranty from Greenberg for the asset purchase, we find the requirement for personal guaranties was clearly and palpably commercially reasonable.

Finally, we find no merit in Pakwood's contention that Galt's proposal for amending the lease to allow for termination in the event the premises were sold was commercially unreasonable. That proposal was offered as an alternative only after Brusich and Greenberg refused to personally guaranty the lease. Because Brusich and Greenberg could have accomplished the assignment by agreeing to guaranty the lease, a requirement we have already concluded was reasonable, Pakwood's contentions concerning Galt's proposed alternatives are immaterial. See *Lau's Corp.*, supra. Accordingly, the trial court did not err in granting summary judgment to Galt on Pakwood's breach of contract claim.

2. Pakwood also asserts that the trial court erred in granting summary judgment to Galt as to Pakwood's claims for tortious interference with business relations and tortious interference with contract. However, because both these claims require a showing that Galt acted improperly and without privilege, and we ruled in Division 1 that Galt acted properly, this enumeration is without merit. See *Valdez v. Power Indus. Consultants*, 215 Ga. App. 444 (2) (451 SE2d 87) (1994); *Lothridge v. First Nat. Bank &c.*, 217 Ga. App. 711 (6) (458 SE2d 887) (1995).

3. Finally, Pakwood contends the trial court erred in ruling that its claim for a constructive trust was moot. Because Pakwood premised the claim on Galt's requirement for guaranties being unreasonable, a claim which we have already decided adversely to Pakwood, we agree with the trial court that the claim is moot.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 4, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995 —

*Holland & Knight, Gregory J. Digel, James H. Rollins, Elizabeth C. Helm*, for appellants.

*Eidson & Associates, James A. Eidson, William G. Moise, Timothy R. Brennan*, for appellees.