295 Ga. 223
FINAL COPY

S14A0412. DeCAY v. HOUSTON et al.

MELTON, Justice.

This case involves two actions filed by Keith DeCay concerning the ownership of four tracts of land located at 629 Boulevard, Atlanta, Georgia ("629 Boulevard"): (1) a quiet title action and (2) a breach of contract action against the Federal Deposit Insurance Corporation (FDIC) from which he purchased part of 629 Boulevard at a foreclosure auction.[1] In the quiet title action, DeCay contends, among other things, that the trial court erred by adopting a Special Master report tainted by a conflict of interest. In the breach of contract action, DeCay contends that the trial court erred by finding that the FDIC was not required to convey all four tracts of 629 Boulevard to him. For the reasons set forth below, we affirm.

The record shows that, after a January 28-29, 2013 hearing, the acting Special Master found that Ravenwood Development Company ("Ravenwood")

---

[1] While DeCay was assisted by counsel in bringing the quiet title action, he has proceeded pro se throughout the remainder of this case, including this appeal.

acquired 629 Boulevard in 2004 and subsequently divided the property into four tracts to improve the property with a residential duplex. Tracts 1 and 2 were improved with Unit A and Unit B of the residential duplex, respectively. Tract 3 was improved with a driveway and Tract 4 was improved with a rear parking area. Chandra Houston purchased Tracts 2 and 4 from Ravenwood on March 30, 2007. The closing attorney, Carla Gaines, prepared a quitclaim deed for First Georgia Community Bank to release its security interest to Houston. Gaines eventually became aware that the quitclaim deed contained errors in that it appeared to convey a fee simple interest in Tract 3 (the driveway) and an easement interest in Tract 2 (Unit B) to Houston. Gaines recorded a corrective deed to fix her mistakes on April 7, 2008.

Later, DeCay purchased Tracts 1 and 3 from the FDIC at a foreclosure auction in October 2009. On September 27, 2010, DeCay filed the claim to quiet title to 629 Boulevard, over which Ernest L. Greer was appointed as the initial Special Master on November 18, 2010. By a consent judgment, filed on August 25, 2011, DeCay and Houston agreed that Tract 1 was vested in DeCay in fee simple absolute, Tract 2 was vested in Houston in fee simple absolute, and Tract 3 was vested in DeCay in fee simple absolute subject to Houston's easement of

2

ingress and egress. Shortly thereafter, DeCay filed a breach of contract action against the FDIC on November 14, 2011 that was consolidated with the quiet title action. After a conflict of interest was discovered,[2] Monica K. Gilroy replaced Greer as the Special Master for both actions by a stipulated conflict waiver to which the parties consented. DeCay voluntarily dismissed his quiet title petition on July 16, 2012, and the hearing proceeded on Houston's counterclaims remaining in that action, as well as Decay's breach of contract claim. In a May 13, 2013 order, the Superior Court of Fulton County adopted the report of the second, non-conflicted Special Master, finding that Tract 4 of 629 Boulevard was vested in Houston in fee simple absolute. The trial court found in favor of the FDIC in the breach of contract claim. DeCay filed a timely appeal on June 7, 2013.

1. DeCay contends that, because Greer had a conflict of interest when he served as the first Special Master, the findings of Special Master Gilroy should be set aside. This argument fails. Special Master Gilroy was appointed by a

[2]At the time of his service as Special Master, Greer worked for Greenberg Traurig, LLP. The firm represented Bank of America, who, after Houston's purchase, held a security interest in Tracts 2 and 4 of 629 Boulevard.

3

Stipulated Conflict Waiver agreed upon by the parties. Furthermore, contrary to DeCay's argument, Special Master Gilroy's subsequent reliance on two orders issued by Greer did not invalidate her own decisions. The former orders cited by Special Master Gilroy were either the consent judgment agreed to by DeCay or an order issued by Greer that reiterated the consent judgment. There is no error in Special Master Gilroy relying on an order to which DeCay consented. See Attwell v. Lane Co., 182 Ga. App. 813 (2) (357 SE2d 142) (1987).

In any event, there is also evidence in the record to support the finding that Houston owned Tracts 2 and 4 in fee simple absolute, including testimony from Houston, Gaines, and Yolanda Washington, an officer with Ravenwood, stating that it was the intention of Ravenwood to transfer title to Tracts 2 and 4 to Houston. "In an action to quiet title brought under OCGA § 23-3-60 et seq., the findings of the Special Master and adopted by the trial court will be upheld unless clearly erroneous. Therefore, if there is any evidence supporting the judgment of the trial court, it will not be disturbed." (Citation and punctuation omitted.) Bailey v. Moten, 289 Ga. 897 (717 SE2d 205) (2011).

2. DeCay also contends that the corrective deed recorded by Gaines should be set aside as fraudulent. The Special Master found no fraud by Gaines when

4

she recorded the corrective deed, and based her finding on Gaines's testimony that she acted, not to mislead, but to correct a mistake that existed in the original warranty deed. When Gaines recorded the corrective deed, she did not attempt to hide the fact it was a re-recording of the original quitclaim deed. Additionally, DeCay had knowledge of both deeds before he purchased Tracts 1 and 3 at auction. The Special Master's finding that there was no fraud with the recording of the corrective deed is supported by evidence, and the trial court's judgment adopting that finding is not clearly erroneous. See, e.g., Steinchen v. Stancil, 284 Ga. 580 (669 SE2d 109) (2008).

3. Upon review of the record, we find no merit in DeCay's remaining contentions regarding the quiet title action.

4. In DeCay's breach of contract action, DeCay contends that the FDIC breached a contract to sell the entirety of 629 Boulevard to him at a foreclosure auction, irrespective of Houston's ownership rights. The provisions of the auction and sales contract, however, belie DeCay's claims. Both the terms of the auction and the sales contract explicitly state that the FDIC conveyed an interest in 629 Boulevard subject to all deeds, covenants, and easements. In light of this posture, DeCay's remaining contentions with respect to the breach of contract

action are also meritless.

Judgment affirmed. All the Justices concur.


Decided May 5, 2014 – Reconsideration denied June 2, 2014.

Title to land. Fulton Superior Court. Before Judge Adams.

Keith DeCay, pro se.

Balch & Bingham, Christopher S. Anulewicz, Geremy W. Gregory, Carol Clark Law, Elizabeth W. Boswell, Simkins Hollis Law Group, Jeanne S. Hollis, S. Paul Smith, Dickenson Gilroy, Monica K. Gilroy, Kathryn R. Norcross, Michelle Ognibene, Colleen J. Boles, for appellees.