## A91A0474. HANDLER v. HULSEY.
### (406 SE2d 225)

ANDREWS, Judge.

Handler sued Hulsey in magistrate court. After a judgment was entered in favor of Handler on his claim and against Hulsey on his counterclaim, Hulsey appealed to state court for a de novo trial pursuant to OCGA § 15-10-41 (b). After a jury trial in state court, judgment was entered in favor of Hulsey on his counterclaim and against Handler's claim. Handler filed a direct appeal to this court. Hulsey moved for dismissal of the direct appeal on the basis that OCGA § 5-6-35 (a) (11) requires that an application for discretionary appeal be filed when an appeal is sought from a state court decision reviewing the decision of the magistrate court in a de novo proceeding. Handler counters that OCGA § 5-6-35 (a) (11) does not apply, and a direct appeal was proper because the state court judgment from which he appeals was not the result of a de novo proceeding. He claims the de novo nature of the state court proceeding was destroyed when issues not raised in magistrate court were raised for the first time in Hulsey's amended state court counterclaim.

The only avenue of appeal available from the magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court. Regardless of whether this litigation was subsequently erroneously expanded in state court to include matters beyond the parameters of a de novo investigation (OCGA § 5-3-29), where the litigation reached the state court by means of a de novo appeal from magistrate court, in order to obtain appellate review of the state court judgment in this Court, an application for appeal must be sought as required by the clear and unambiguous language of OCGA § 5-6-35 (a) (11). Further, even accepting Handler's premise, for the reasons stated below, we find the present state court claims were within the parameters of a de novo appeal.

In a de novo appeal of this action from magistrate to state court the issues to be litigated are framed by the claims raised below. *Rus-*

*sell v. Flynn*, 191 Ga. App. 196, 198 (381 SE2d 142) (1989). "So long as the subsequent litigation can be said to relate to that civil claim, there is no erroneous evasion of the magistrate court's jurisdiction since the higher court had concurrent jurisdiction over that claim . . . When a case is on appeal [in the state court from a magistrate court], any amendment whether in matter of form or substance may be made which could have been made while the case was in the primary court." Id. at 198. (Punctuation and citations omitted.)

The original magistrate court claim brought by Handler and Selbert against Hulsey arose out of an automobile accident. While being towed, an automobile owned by Handler and being used by his stepdaughter, Selbert, broke loose from the towing vehicle and crashed into Hulsey's business sign. A dispute ensued over Handler's liability for damage to the sign, and Hulsey's retention of the automobile, which he claimed was by agreement until the damages were paid. Eventually, Selbert brought criminal charges against Hulsey for theft of the automobile, and Handler and Selbert sued Hulsey in magistrate court for damages resulting from the taking of the vehicle. In his counterclaim Hulsey sought recovery of damages to his sign, and citing the criminal charges brought against him, also sought recovery for the expenses and attorney fees incurred by him in defending the criminal prosecution and the civil action. After the magistrate court action terminated in favor of Handler both on his claim and on Hulsey's counterclaim, Hulsey brought the state court appeal. While the state court action was pending, the criminal charges against Hulsey were dismissed by the district attorney. Thereafter, Hulsey amended his counterclaim and, in addition to the property damage, attorney fees and expenses he sought in magistrate court, he alleged malicious prosecution of the criminal charges and sought punitive damages. Judgment was entered on the jury verdict in state court against Handler and Selbert on their claim and in favor of Hulsey on his counterclaim for malicious prosecution, attorney fees, punitive damages and property damage.

The issues raised by Hulsey in his amended counterclaim in state court were directly related to the issues raised in magistrate court, and were properly considered as part of the de novo proceedings. Though the malicious prosecution claim did not accrue until the criminal charges were dismissed while the case was pending in state court (see *McCord v. Jones*, 168 Ga. App. 891, 892-893 (311 SE2d 209) (1983)), the claim was related to the magistrate court litigation, and could have been pursued there but for the timing of the dismissal.

Accordingly, the present appeal should have been brought pursuant to the discretionary appeal procedures of OCGA § 5-6-35, and the failure of Handler to follow these mandatory procedures requires that

his direct appeal be dismissed. *McSmith v. Marshall*, 194 Ga. App. 331 (390 SE2d 126) (1990).

Hulsey's motion to dismiss the appeal is granted.

*Appeal dismissed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 29, 1991 —
REHEARING DENIED MAY 23, 1991 — 

Swift, Currie, McGhee & Hiers, Guerry R. Moore, David R. Hughes, Stewart, Melvin & House, J. Douglas Stewart*, for appellant.

*Hulsey, Oliver & Mahar, Julius M. Hulsey, Thomas D. Caulkins*, for appellee.