# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2014

*The Court of Appeals hereby passes the following order:*

**A15D0107.  THE CASHER GROUP, INC. v. DIAZ INVESTMENTS, INC.**

This case originated as a dispossessory proceeding in magistrate court. Following an adverse ruling, defendant The Casher Group, Inc. filed both a notice of appeal to the superior court and this application for discretionary review before this Court.  We lack jurisdiction for two reasons.

First, the magistrate court's decision is not subject to review by this Court at this time.  "The only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751 (406 SE2d 225) (1991). In other words, a party aggrieved by a magistrate court ruling must first seek review in the state or superior court.

Second, this application is untimely.  As a general rule, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d).  But the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter of this discretionary application is a dispossessory judgment.  And OCGA § 44-7-56, which governs dispossessory actions, requires that an appeal from a dispossessory ruling be filed within seven days of the date judgment was entered. Here, the magistrate court's writ of possession was entered on October 8, 2014, and The Casher Group filed its application 13 days later, on October 21, 2014.

For these reasons, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 11/20/2014
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*