# Court of Appeals
# of the State of Georgia

ATLANTA,___March 23, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0295. EDDIE AMOAKUH v. FEDERAL NATIONAL MORTGAGE
ASSOCIATION.**

Eddie Amoakuh, through attorney Grady Roberts, has filed a second application for discretionary appeal seeking review of an order entered by the Magistrate Court of Fulton County in this dispossessory action. Amoakuh's first application sought review of a magistrate court order, and we transferred that case to state court. *Amoakuh v. Federal National Mortgage Assn.*, Case No. A15D0278 (transferred Feb. 18, 2015). We have repeatedly informed Grady Roberts that this Court may only review magistrate court matters that already have been reviewed by the state or superior court. See *Handler v. Hulsey*, 199 Ga. App. 751 (406 SE2d 225) (1991); *Westwind Corp. v. Washington Federal Savings & Loan Assn.*, 195 Ga. App. 411 (1) (393 SE2d 479) (1990). And we have repeatedly transferred such cases to the appropriate state court, noting in our orders that "[t]he only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler*, supra. Nevertheless, Grady Roberts has chosen to ignore this Court's orders and has, yet again, filed an application for discretionary appeal from a magistrate court order.[1]

---

[1] We note that this application is untimely because appeals from a dispossessory judgment must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56; *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Grady Roberts filed this application 8 days after the date the magistrate court order was entered. Nevertheless, because we do not possess jurisdiction to entertain the case, we decline to dismiss it on this ground.

It is clear that Grady Roberts has no concern that his repeated refusal to follow proper appellate procedure places an inordinate burden on the Court's judicial resources. Court of Appeals Rule 15 authorizes the imposition of a sanction in any civil case wherein an application is determined to be frivolous. Because Grady Roberts has ignored Georgia law and this Court's repeated instruction that magistrate court orders must first be appealed to state or superior court, we hereby fine Grady Roberts $500 for filing this frivolous application.

We note that, as a general rule, when a lower court dismisses a properly-filed appeal, an appellant may appeal from that decision. See generally *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, an appeal from a magistrate court decision must first be heard by the state or superior court before this Court may exercise jurisdiction over the case. See *Handler*, supra; *Westwind Corp.*, supra. To the extent that Grady Roberts may be dissatisfied with the magistrate court's handling of his appeal, a more appropriate avenue of relief may be through a mandamus action.

This Court may not accept an application or appeal when we lack jurisdiction. Because the Georgia Constitution requires that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere," 1983 Ga. Const., Art. 6, Sec. 1, Para. 8; *Bosma v. Gunter*, 258 Ga. 664 (373 SE2d 368) (1988), this case is hereby TRANSFERRED to the State Court of Fulton County for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*___03/23/2015___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*