**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 29, 2016**

# In the Court of Appeals of Georgia

A16A1442. HUNGRY WOLF/SUGAR & SPICE, INC. v. LANGDEAU, et al.

PETERSON, Judge.

Richard Langdeau, Jr., and Ashley Langdeau (the "Langdeaus") filed suit against Hungry Wolf/Sugar & Spice ("Hungry Wolf"), alleging that Hungry Wolf was vicariously liable for the tortious actions of its alleged employee, and that it negligently hired and retained the employee. The trial court denied Hungry Wolf's motion for summary judgment, concluding that a police report submitted by the Langdeaus created a question of fact as to whether the tortfeasor was employed by Hungry Wolf. We granted Hungry Wolf's application for interlocutory review. On appeal, Hungry Wolf argues that the Langdeaus did not present any evidence or point to record facts creating a genuine issue of material of fact, the trial court erred in

considering the police report because it was not certified or authenticated, and, as a result, it was entitled to summary judgment because no questions of material fact existed. In determining that the incident report was admissible evidence, however, the trial court addressed only Hungry Wolf's hearsay argument and did not evaluate whether the report had been authenticated. Because the authentication issue must be addressed by the trial court in the first instance, we vacate and remand for further proceedings.

Viewing the evidence in the light most favorable to the Langdeaus,[1] as the non-movants, the record evidence shows that Robbie Colbert shot a gun outside of Hungry Wolf, a restaurant and bar, and a bullet ricocheted and hit Richard Langdeau, Jr. in the back. Colbert had frequently worked as a cook and DJ at Hungry Wolf, and was working on the night Richard Langdeau was shot.

Hungry Wolf submitted affidavits stating that Colbert was not a Hungry Wolf employee; he had been hired by Hungry Wolf's performers to DJ and cook, but not to provide security services; and Hungry Wolf did not supervise, train, or direct Colbert in any way. Relying on these affidavits, Hungry Wolf moved for summary judgment and argued that, because Colbert was not its employee, the Langdeaus'

---

[1] *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

claims failed. In their response to Hungry Wolf's summary judgment motion, the Langdeaus submitted a police officer's incident report in which the officer stated that he watched surveillance video showing Colbert working as a bouncer as he became involved in a large fight. The officer also stated that the video showed Colbert walking into an office at Hungry Wolf, coming out of the office with a gun, and then firing one shot out of the front door before firing five more rounds after he went outside.

The trial court held a hearing on Hungry Wolf's summary judgment motion, but the transcript of the hearing is not included in the appellate record. Following that hearing, Hungry Wolf filed a brief arguing that the narrative portion of the police report was inadmissible as a business record and the report itself was inadmissible because it had not been certified or authenticated. The trial court found that the police report fell within the public records hearsay exception under OCGA § 24-8-803(8)[2],

_____

[2] OCGA § 24-8-803(8) provides that an exception to the hearsay rule for

public records, reports, statements, or data compilations, in any form, of public offices, setting forth: . . . (B) Matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . or (C) In civil proceedings . . ., factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of

and denied Hungry Wolf's motion for summary judgment because the police officer's statements based on personal observation created material questions of fact. This appeal followed.

On appeal, Hungry Wolf does not challenge the trial court's conclusion that the police report fell within a hearsay exception under OCGA § 24-8-803(8). Rather, it argues that the report needed to be authenticated before the trial court could consider it on a motion for summary judgment. Because the trial court did not address this issue, we vacate and remand.

The "[a]dmissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally." *Capital City Developers, LLC v. Bank of N. Ga.*, 316 Ga. App. 624, 625-26 (1) (730 SE2d 99) (2012) (footnote omitted). We review a trial court's decision regarding the admission or exclusion of evidence for an abuse of discretion. *Steed v. Fed. Nat. Mortgage Corp.*, 301 Ga. App. 801, 807 (1) (b) (689 SE2d 843) (2009).

> [W]hile the abuse-of-discretion standard presupposes a range of possible conclusions that can be reached by a trial court with regard to a particular evidentiary issue, it does not permit a clear error of judgment or the application of the wrong legal standard.

information or other circumstances indicate lack of trustworthiness[.]

4

*Koules v. SP5 Atl. Retail Ventures, LLC*, 330 Ga. App. 282, 285-86 (2) (767 SE2d 40) (2014) (citation omitted).

The police officer's report is the only evidence the Langdeaus point to that creates a question of fact as to Colbert's employment status, and thus the admissibility of the report was key to overcoming Hungry Wolf's motion for summary judgment.[3] Although the trial court determined that the report was admissible, it applied an incomplete legal standard in reaching that determination. It is undisputed that the trial court correctly determined that the police officer's report fell within the public records exception under OCGA § 24-8-803(8). *See Maloof v. Metro. Atlanta Rapid Transit Auth.*, 330 Ga. App. 763, 767-68 (2) (769 SE2d 174) (2015) (concluding that police report describing matters observed by the police officer is admissible as a public record in a civil proceeding). But our Evidence Code

---

[3] Contrary to Hungry Wolf's claims on appeal, the police officer's observations contained in the police report, if properly admitted, would create a genuine issue of material fact. The police officer observed Colbert working as a bouncer when he became involved in a large fight and later walked into an office at Hungry Wolf to retrieve a loaded gun. "Even slight evidence will be sufficient to satisfy the plaintiff's burden of production of some evidence on a motion for summary judgment; such evidence may include favorable inferences drawn by the court from the evidence presented." *Dalton v. City of Marietta*, 280 Ga. App. 202, 203 (633 SE2d 552) (2006). A jury could infer from this evidence that Colbert was an employee of Hungry Wolf because he worked as a bouncer and had knowledge that a loaded gun was located in the Hungry Wolf office. For this reason, we vacate instead of reversing.

5

provides that the authentication or identification of a document is a condition precedent to admissibility. OCGA § 24-9-901(a) (providing that the authentication requirement "shall be satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims"); *see also Jaycee Atlanta Dev., LLC v. Providence Bank*, 330 Ga. App. 322, 325 (2) (765 SE2d 536) (2014) ("In general, a writing will not be admitted into evidence unless the offering party tenders proof of the authenticity or genuineness of the writing.") (citation and punctuation omitted). Thus, to admit a document, the proponent must both authenticate the document and address any hearsay concerns; satisfying one requirement does not necessarily address the other, and Hungry Wolf challenged the report below on both grounds. *See McKinley v. State*, 303 Ga. App. 203, 208 (2) (692 SE2d 787) (2010) (satisfying the authentication requirement does not eliminate hearsay concerns).

In deeming the police report admissible, the trial court addressed only the hearsay concerns raised by Hungry Wolf. Concluding that the document was admissible under OCGA § 24-4-803(8) is a necessary, but insufficient, prerequisite for admitting the police report. The trial court applied an incomplete standard in admitting the police report and this amounted to an abuse of discretion. *See Koules*,

6

330 Ga. App. at 285-86 (2) (trial court abuses its discretion when it applies the wrong legal standard).

Hungry Wolf's reliance on *Baker v. Simon Prop. Group*, 273 Ga. App. 406 (614 SE2d 793) (2005) does not demand a conclusion that the police report was inadmissible and that it was entitled to summary judgment. In *Baker*, the trial court granted summary judgment to the defendants without explanation, and the plaintiff argued on appeal that the trial court overlooked police incident reports and crime statistics. *Id.* at 407 (1). The trial court's lack of explanation in granting summary judgment to the defendants was an implicit rejection of the police reports, and we concluded that we could not consider the documents in our de novo review because they were not certified or authenticated. *Id. Baker* is inapplicable here because the question on appeal is not whether we may consider the evidence, but whether the trial court properly determined the police reports to be admissible evidence. We cannot answer that question because the trial court's analysis was incomplete, and for this reason we vacate the trial court's order denying summary judgment to Hungry Wolf and remand for consideration of the authentication issue.

*Judgment vacated and case remanded. Phipps, P. J., and Dillard, J., concur.*