# Court of Appeals
# of the State of Georgia

ATLANTA,  December 09, 2016

*The Court of Appeals hereby passes the following order:*

**A17D0166. EDDIE AMOAKUH et al. v. FEDERAL NATIONAL MORTGAGE ASSOCIATION.**

In this dispossessory action, Federal National Mortgage Association ("FNMA") was granted a writ of possession against Eddie Amoakuh in July 2014. On November 10, 2016, Amoakuh, through attorney Grady Roberts, filed an application for discretionary review in which he appears to seek review of (1) the magistrate court's November 10, 2016 order granting FNMA a writ to proceed with dispossession instanter; (2) the magistrate court's October 18, 2016 order granting FNMA's application to execute the writ of possession; (3) the state court's May 16, 2016 order dismissing Amoakuh's appeal to state court for want of prosecution; and (4) the magistrate court's February 24, 2015 order dismissing or denying Amoakuh's prior appeal to state court.[1] His application includes an alternative motion for remand to state court, in violation of Court of Appeals Rule 41 (b), which provides that all motions shall be filed as separate documents.

Amoakuh, through attorney Roberts, has filed three previous applications for discretionary review of magistrate court orders in this same case. We transferred two of those applications to state court, and Amoakuh withdrew one of those applications. See *Amoakuh v. FNMA*, Case Nos. A15D0278 (transferred Feb. 18, 2015), A15D0295 (transferred March 23, 2015), & A15D0384 (motion to withdraw granted May 5,

---

[1] The application includes copies of the first three orders, but it does not include a copy of the fourth order, in violation of Court of Appeals Rule 31 (e). The application identifies all four orders, but only includes argument as to the fourth.

2015).

As we have repeatedly informed Roberts, "[t]he only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991). This Court may only address magistrate court matters that already have been reviewed by the state or superior court. See id. The Georgia Constitution requires that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; see also *Bosma v. Gunter*, 258 Ga. 664, 664 (373 SE2d 368) (1988). Here, the application improperly seeks this Court's review of three magistrate court orders instead of appealing to the state or superior court. Accordingly, to the extent this application seeks review of the three magistrate court orders, it is hereby TRANSFERRED to the Fulton County State Court.[2]

We have also repeatedly informed Roberts that an appeal from a dispossessory judgment must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56; *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Here, the application was filed 178 days after the state court order was entered. Accordingly, to the extent this application seeks review of the state court order, it is hereby DISMISSED as untimely.

Pursuant to Court of Appeals Rule 15, this Court may penalize a party or an attorney for filing an application for discretionary appeal that is determined to be frivolous. Because Roberts has ignored established Georgia law and this Court's repeated instructions that magistrate court orders must first be appealed to state or superior court and appeals from dispossessory judgments must be filed within seven days of the date the judgment was entered, we hereby impose a penalty of $2,500 for filing this frivolous application. This penalty is imposed against attorney Grady

---

[2] Although we transfer the application to state court, we will not consider the alternative motion for remand to state court. See Court of Appeals Rule 41 (b).

Roberts, not against applicant Eddie Amoakuh.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  12/09/2016*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*