**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BROWN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 7, 2018**

# In the Court of Appeals of Georgia

A18A0497. SMITH v. BELL.

MILLER, Presiding Judge.

Simone Smith sued her former girlfriend, Martha Jean Bell, to recover either half of the equity in a home titled in Bell's name or a portion of the money Smith invested in the home during the parties' 14-year relationship. The trial court granted summary judgment to Bell on Smith's claims, and Smith now appeals, alleging in several related enumerations of errors that the trial court erred by sua sponte granting summary judgment despite material factual disputes. We find that the basis on which the trial court granted summary judgment was in error as it was premised on a disregard of evidence submitted by Smith, and that the insufficiency of the record before the trial court prevents us from determining the proper disposition of this case

at this time. Consequently, we vacate the trial court's order and remand the case for further proceedings consistent with this opinion.[1]

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Higgins v. Food Lion, Inc.*, 254 Ga. App. 221 (561 SE2d 440) (2002).

So viewed, the evidence shows that Smith and Bell were romantically involved in a same-sex relationship for years. In December 2001, Bell purchased a house that was titled solely in her name. She and Smith entered into an oral agreement that Smith would be entitled to a 50 percent equitable interest in the house as long as she paid a portion of the purchase price, equally shared in the bills and mortgage

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of hearing en banc on the question of overruling *America Net, Inc. v. U.S. Cover, Inc.,* 243 Ga. App. 204 (532 SE2d 756) (2000), and *Atlanta J's, Inc. v. Houston Foods, Inc.,* 237 Ga. App. 415 (514 SE2d 216) (1999).

payments for the property, and made repairs to the property. The parties agreed that if the relationship ended prior to the couple getting married, Bell would sell the house and Smith would be entitled to 50 percent of the equity. Alternatively, the parties agreed that if there was no equity in the home at the time of the break-up, Smith would be compensated for her contributions to the house expenses. During the 14 years Smith and Bell lived together, Smith contributed equally to mortgage payments, paid half of the bills and expenses for the house, and performed home improvements.

After the relationship ended, Smith sued Bell in the Superior Court of DeKalb County for misrepresentation, breach of contract, unjust enrichment, and quantum meruit, seeking to recover under the oral agreement between the parties, or, alternatively, to recover her contributions to the house over the years. In response to Smith's lawsuit in superior court, Bell denied all of Smith's claims and counterclaimed to dispossess her from the home and recover unpaid rent and attorney fees.[2] The parties do not dispute that around the same time that Smith filed her lawsuit

---

[2] Due to the existence of the magistrate court proceeding, the superior court ultimately dismissed Bell's counterclaim to dispossess Smith and recover unpaid rent, and Bell does not appeal this ruling. Thus, she has abandoned this claim. Court of Appeals Rule 25 (c) (2).

in superior court, Bell also filed suit against Smith in the Magistrate Court of DeKalb County seeking to evict Smith and recover unpaid rent.[3]

The superior court, on its own initiative, entered an order titled "Order Directing Submission of Authority on Subject-Matter Jurisdiction." This order noted that magistrate courts have jurisdiction over dispossessory matters, and it instructed the parties to brief whether the superior court had subject-matter jurisdiction over the dispute in light of such fact. Although not related to subject-matter jurisdiction, the order also identified the law concerning oral agreements to transfer an interest in real property and the Statute of Frauds.

In response to the superior court's order, Smith submitted a filing which briefly stated that the superior court had subject-matter jurisdiction and primarily focused on the merits of her claims. Attached to the brief was Smith's affidavit, which mirrored

---

[3] The record includes a copy of various pleadings from the dispossessory action, but those documents are not authenticated certified copies and, thus, we do not consider them. See *Hungry Wolf/Sugar & Spice, Inc. v. Langdeau*, 338 Ga. App. 750, 751-752 (791 SE2d 850) (2016) ("The admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally . . . [T]o admit a document, the proponent must both authenticate the document and address any hearsay concerns . . . ") (citations omitted).

4

the allegations in her complaint concerning the oral agreement between the parties.[4]

Bell responded to the superior court's order by filing a motion for summary judgment as to Smith's claims, arguing, in relevant part, that res judicata precluded Smith's claims because those claims were required to be litigated in the dispossesory proceeding pending in magistrate court.

The superior court never ruled on the issue of subject-matter jurisdiction, but instead entered an "Order Permitting Submission of Authority" which indicated that it was considering granting summary judgment to Bell on Smith's claims and inviting the parties to submit argument and authority. Smith responded with a brief and affidavit restating the legal and factual arguments she previously made. Bell submitted an affidavit disputing both the existence of any oral agreement as well as Smith's claims that she had split expenses with Bell.

---

[4] We note that Smith submitted cancelled checks, receipts, photographs, and other documents in support of her claims, but again, none of these records are properly before this Court, nor were they properly before the superior court, as none of them were authenticated. *Hungry Wolf/Sugar & Spice, Inc.*, supra, 338 Ga. App. at 751-752. Further, Smith alleged in her brief that the magistrate court stayed its proceedings pending the disposition of the superior court case and that the dispossessory action was mooted because she moved out of the house. There is no admissible evidence in the record to support these unsworn contentions either.

5

The superior court granted summary judgment to Bell on Smith's claims without a hearing, concluding that Smith had no evidentiary support for her claims, whereas Bell had stated in an affidavit that she had never agreed to give Smith any interest in the home nor had she entered into any agreement whatsoever with Smith concerning the home. In doing so, the superior court ignored the sworn allegations in Smith's own affidavits, which directly contradicted the allegations in Bell's affidavit. Smith appeals from this order. The superior court never addressed the other issues in the case, including the threshold issue Bell raised: that Smith's claims were precluded by res judicata because her claims should have been raised and litigated in the magistrate court dispossessory proceeding.

As an initial matter, we note that we cannot affirm the trial court's order based on the reasoning contained therein. The trial court entirely disregarded Smith's affidavits, which were sufficient to create a factual dispute as to the existence of an oral agreement between the parties and performance under that purported agreement.[5]

---

[5] Bell invites this Court to likewise disregard Smith's affidavits on the basis that they were filed as exhibits to her briefs rather than entered as separate documents on DeKalb County's e-filing system. Bell cites no authority for the proposition that an affidavit must be e-filed as a separate document before it must be considered by the trial court or this Court, and we decline to adopt such an arbitrary rule.

6

Consequently, the trial court erred in basing its ruling exclusively on a lack of sworn evidence supporting Smith's contentions.

Further, reviewing the record de novo, we are required to find that Smith's claims in superior court were not barred by res judicata because those claims could not have been litigated in magistrate court.

> The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. Before res judicata applies, three prerequisites must be satisfied – (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits *by a court of competent jurisdiction*.

(Emphasis supplied; citation and punctuation omitted.) *Setlock v. Setlock*, 286 Ga. 384, 385 (688 SE2d 346) (2010).

As is relevant to this case, we must determine whether the magistrate court where Bell's dispossessory proceeding was pending would have been a court of competent jurisdiction for Smith to litigate her claims against Bell.[6]

---

[6] Smith did not specifically plead the value of her claims against Bell, however, given her indication that she contributed half of the mortgage and expenses of a home for 14 years and paid a portion of the purchase price, we will assume for purposes of this analysis that Smith seeks damages in excess of $15,000.00.

7

The basis for the magistrate court's jurisdiction over Bell's dispossessory action appears in OCGA § 15-10-2 (2015). Under subsection 6, the magistrate court has jurisdiction over "[t]he issuance of summons, trial of issues, and issuance of writs and judgments in dispossessory proceedings and distress warrant proceedings." Id. This Court has previously held that, when a magistrate court obtains jurisdiction over a dispossessory dispute pursuant to OCGA § 15-10-2 (6), related civil claims in the case exceeding the $15,000 jurisdictional limit imposed by OCGA § 15-10-2 (5) could still proceed before the magistrate court.[7] *America Net, Inc. v. U.S. Cover, Inc.,* 243 Ga. App. 204, 206 (1) (532 SE2d 756) (2000); *Atlanta J's, Inc. v. Houston Foods, Inc.,* 237 Ga. App. 415, 417 (1) (514 SE2d 216) (1999). Thus, this Court has previously held that the magistrate court was authorized to hear all related claims between the parties, and if such claims were not raised in the magistrate court proceeding, res judicata would prevent a party from later asserting those claims against the other party in a different proceeding. See e.g. *Atlanta J's, Inc.*, supra, 237 Ga. App. at 419 (5).

---

[7] At the time *America Net* and *Atlanta J's* were decided, the jurisdiction limit imposed by OCGA § 15-10-2 (5) was $5,000.

In later analyzing a situation procedurally analogous to the one present here, however, our Supreme Court implicitly held that the $15,000 limitation contained in OCGA § 15-10-2 (5) also applies to claims brought in magistrate court pursuant to OCGA § 15-10-2 (6). *Setlock*, supra, 286 Ga. at 385-386. In *Setlock*, the Supreme Court found, in relevant part, that the magistrate court did not have jurisdiction to render a judgment on a claim for damages exceeding $15,000, thus, res judicata did not bar a tenant's claims from later being litigated in superior rather than magistrate court. Id. (the tenant's claims were for title to land, equity, and money damages in excess of $15,000). Consequently, although *Setlock* did not explicitly overrule *America Net* and *Atlanta J's*, we conclude that its finding concerning the magistrate court's jurisdiction to adjudicate civil claims exceeding $15,000 in a dispossessory proceeding implicitly overruled them. Our Court adopted the findings of *Setlock* in *WPD Center, LLC v. Watershed, Inc.*, 330 Ga. App. 289, 290 (1) (a) (765 SE2d 531) (2014), reconsideration denied (December 10, 2014). In that case, we concluded that the magistrate court lacked jurisdiction to consider counterclaims in a dispossessory proceeding where the counterclaims exceeded the jurisdictional limitation for magistrate court and thus, res judicata did not preclude subsequent litigation of civil claims seeking damages in excess of $15,000. Id.

9

Although our Court has not explicitly acknowledged that *America Net* and *Atlanta J's* were overruled by *Setlock*, we take this opportunity to acknowledge that the cases of *America Net* and *Atlanta J's* have been overruled as to their findings that a magistrate court can adjudicate claims for damages exceeding $15,000 even when they arise in a dispossesory proceeding.

Consequently, we are required to find that because magistrate court was not a "court of competent jurisdiction" for Smith's claims and would not have been able to adjudicate them, res judicata does not preclude those claims in the present lawsuit.

Smith's claims, however, may nonetheless have been compulsory counterclaims that she was required to bring in magistrate court in order to preserve them. OCGA § 9-11-13; *Setlock*, supra, 286 Ga. at 385-386. In *Setlock*, our Supreme Court found that, even though the magistrate court did not have jurisdiction to actually adjudicate the claims, "[t]o avoid potential waiver of [the purported tenant's] counterclaims that arose out of the transaction or occurrence that was the subject matter of [the purported landlord's] dispossessory action, [the purported tenant] was required to raise them in magistrate court" even though raising them would not confer jurisdiction on the magistrate court to adjudicate the claims. *Setlock*, supra, 286 Ga. at 386.

10

Here, the record is devoid of any properly submitted evidence demonstrating what transpired in the magistrate court. We cannot ascertain whether Smith asserted any claims in magistrate court, the timing of any such claims as compared to the timing of claims asserted in the superior court, or the current status of the dispossessory proceeding other than to note that neither party contends that the magistrate court entered a disposition on any of Smith's claims. Consequently, we cannot determine whether Smith's claims were compulsory counterclaims and, if so, whether they were filed in magistrate court and properly preserved. See *Setlock*, supra, 286 Ga. at 386. Accordingly, we must vacate the trial court's order and remand this case with instructions for the trial court to make both a factual determination as to the status of the dispossessory proceeding and a legal determination as to the impact such status has on Smith's ability to pursue her claims before the superior court.

*Judgment vacated and case remanded. Andrews and Brown, JJ., concur*.

11