# Court of Appeals
# of the State of Georgia

ATLANTA,  July 17, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0538.  DARREN PETTY v. WILLIAM COREY.**

In this dispossessory action brought by William Corey, against Darren Petty, the magistrate court issued a writ of possession in favor of Cory on June 12, 2018. Petty filed this pro se application for discretionary appeal on July 3, 2018.[1]  We, however, lack jurisdiction.

Generally, "[t]he only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991).  This Court may only address magistrate court matters that already have been reviewed by the state or superior court.  See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); see also OCGA § 5-6-35 (a) (1), (a) (11).  Here, the only order in the application materials was issued by the magistrate court, which appears not to have been reviewed by a state or superior court.[2]

Moreover, ordinarily, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-35 (d).  The

---

[1] Petty attempted to file his application earlier, but his application was returned because it did not include a stamped "filed" copy of the order sought to be appealed.

[2] In his application, Petty states that he is seeking "reversal of an order of DEKALB County State Court upholding a decision of the DEKALB County State Court."  However, as stated above, the only order included with the application materials is from the magistrate court.

underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure. *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory action. OCGA § 44-7-56 provides that an appeal from any dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Because Petty's application was filed 21 days after the magistrate court's order was entered, this application is untimely. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/17/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*