# Court of Appeals
# of the State of Georgia

ATLANTA,  November 26, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0165. BONNER v. PROGRESS RESIDENTIAL.**

This case originated in magistrate court, which granted a writ of possession against the defendants. Levi Bonner then filed an application for discretionary appeal to this court. We lack jurisdiction.

"The only avenue of appeal available from the magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991). This court thus may address magistrate court matters only if they already have been reviewed by the state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990).

The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; *Bosma v. Gunter*, 258 Ga. 664, 665 (373 SE2d 368) (1988). Accordingly, this matter is hereby TRANSFERRED to the Gwinnett County State Court. Any issues regarding the state court's jurisdiction must be resolved by that court in the first instance.

The state court should inquire into whether the order on appeal is a final, appealable judgment. See *Atlanta J's Inc. v. Houston Food Inc.*, 237 Ga. App. 415 (514 SE2d 216) (1999) implicitly overruled on other grounds, as recognized in *Smith v. Bell*, 346 Ga. App. 152 (816 SE2d 698) (2018).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 11/26/2018*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

             *, Clerk.*