# Court of Appeals
# of the State of Georgia

ATLANTA,  May 27, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0382.  PATRICK LONGWORTH v. VICTOR WARREN PROPERTIES LLC.

Patrick Longworth seeks discretionary review of the magistrate court's writ of possession. We lack jurisdiction.

"The only avenue of direct appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991). Accordingly, this Court may address magistrate court matters only if they already have been reviewed by the state or superior court. See *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990); *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990). Absent any order from the state or superior court, we are unable to consider this appeal.[1]

---

[1] In his application materials, Longworth includes a notice of appeal, dated April 21, 2022, in which he purports to appeal from the magistrate court to Fulton County Superior Court, but the application materials contain no court order from the state or superior court.

Accordingly, this application is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  05/27/2022*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
                                    *, Clerk.*

---

[2] We also note that Longworth failed to submit a file-stamped copy of the order he seeks to appeal, making it impossible for this Court to determine if his application is timely. See Court of Appeals Rule 31 (c) (requiring discretionary applications to contain a stamped "filed" copy of the trial court's order); OCGA § 44-7-56 (providing that appeals in dispossessory actions must be filed within seven days of the date the judgment was entered). The order submitted by Longworth bears a file stamp, but the file stamp appears to indicate the date that the application to execute the writ of possession was filed in the magistrate court, not the date the magistrate court entered the writ of possession. Consequently, on May 5, 2022, we ordered Longworth to supplement his application within ten days with a stamped "filed" copy of the order to be appealed and indicated that failure to comply with this directive would result in dismissal of the application. Longworth failed to comply with our May 5 order.