# Court of Appeals
# of the State of Georgia

ATLANTA,  January 26, 2023

*The Court of Appeals hereby passes the following order:*

## A23D0200. DEWYAN FITZGERALD et al. v. ATL 21 WR OWNER, LLC d/b/a ARDEN PLACE APARTMENTS.

Dewyan Fitzgerald has filed an application for discretionary appeal from a magistrate court's judgment in a dispossessory action. This Court has determined that it lacks jurisdiction to consider his application because "[t]he only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751, 751 (406 SE2d 225) (1991). Accordingly, this Court may address magistrate court matters only if they already have been reviewed by a state or superior court. See *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990).

The disposition of this application has been complicated, however, by a difference of opinion as to whether it should be dismissed based upon a lack of jurisdiction or transferred to state or superior court pursuant to a provision of the Georgia Constitution of 1983. This provision states: "Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII.

The argument in support of a transfer is that there is no room in the language of this constitutional provision for appellate decisions limiting its scope, and the guidance from the Supreme Court of Georgia that "the manifest purpose of Article VI, Section I, Paragraph VIII is to prevent parties from being penalized when their attorneys, or the parties themselves acting pro se, make a mistake regarding the complex, highly technical rules that govern jurisdiction and venue and inadvertently file a case in the wrong court." *Blackmon v. Tenet Healthsystem Spalding*, 284 Ga. 369, 371 (667 SE2d 348) (2008). Thus, a state or superior court should be considered an "appropriate court" under Article VI, Section I, Paragraph VIII when applications for discretionary appeal from a magistrate court decision are improperly filed in this Court.

The argument in support of a dismissal is that state and superior courts have

no jurisdiction over *applications* for appeal and "appropriate court" should not be construed broadly to include matters over which a receiving court has no jurisdiction. See OCGA § 5-3-21 (a) (an appeal to the superior court is initiated by filing a "notice of appeal" with the "tribunal appealed from"); OCGA § 15-10-41 (b) (an appeal from a magistrate court judgment (other than a default judgment or a dismissal for failure to prosecute) may be had to the state or superior court under Title 5, Ch. 3, Art. 2, which includes OCGA § 5-3-21).

The conundrum faced by this Court is that we lack jurisdiction to construe constitutional provisions. The Supreme Court of Georgia has exclusive jurisdiction over "[a]ll cases involving the construction . . . of the Constitution of the State of Georgia," Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1), as well as "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). We recognize that the merits of the application for discretionary appeal and the order sought to be appealed clearly do not fall within the jurisdiction of the Supreme Court of Georgia, but it could be asserted that this application nonetheless is a "*case*[ ] *involving* the construction of the Constitution of the State of Georgia" because its disposition will be determined by how the Georgia Constitution should properly be interpreted. (Emphasis supplied.) Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). And once again, whether this application for discretionary appeal is a "case involving" such a construction is not for this Court to determine.

As it appears disposition of this application for discretionary appeal requires more than a mere "application of unquestioned and unambiguous constitutional provisions," (citations and punctuation omitted.) *City of Decatur v. DeKalb County*, 284 Ga. 434, 436-437 (2) (668 SE2d 247) (2008), but rather interpretation of an aspect of a constitutional provision never before construed by the Supreme Court of Georgia, we hereby TRANSFER this application for discretionary appeal to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* __01/26/2023_____

       *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

       *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*