# Court of Appeals
# of the State of Georgia

ATLANTA, April 13, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1284. BRITTANY JACKSON v. BAY STREET HOMES, LLC**.

Bay Street Homes, LLC ("Bay Street") brought this dispossessory action against Brittany Jackson in the Magistrate Court of Clayton County seeking a writ of possession for premises leased to Jackson and payment of past due rent, future rent accruing through final judgment or vacancy, and attorney fees and costs. Jackson counterclaimed for failure to repair and damage to her personal property. Based on the amount of damages sought by Jackson in her counterclaim, the magistrate court determined that it lacked jurisdiction to adjudicate that claim and transferred the case to the State Court of Clayton County. At the commencement of the ensuing bench trial in state court, Bay Street acknowledged that Jackson had recently vacated the premises, such that the issue of possession was moot, but noted that it continued to seek past due rent. The case was then tried on Bay Street's claim for back rent and on Jackson's counterclaims, and the trial court found in favor of Jackson and entered judgment against Bay Street for $10,802.50. Jackson moved for a new trial, arguing that the trial court had erred in excluding certain evidence and that the damages awarded were grossly inadequate. On November 10, 2025, the trial court entered an order denying the new trial motion, and Jackson filed her notice of appeal on December 1, 2025. We lack jurisdiction.

While a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b)(1); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335–36 (715 SE2d 752)

(2011). Here, although the issue of possession had been resolved by the time the case was tried, "it is the underlying subject matter of the litigation, rather than the relief granted, which controls in determining the proper appellate procedure to follow." *Radio Sandy Springs*, 311 Ga. App. at 335. Because "this action . . . began as and remain[ed] a dispossessory action," the seven-day time limit for filing a notice of appeal applied. *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516 (915 SE2d 91) (2025).  See also *Loganville Pediatrics & Adolescent Care Assocs. Corp. v. VMM, LLC*, ___ Ga. App. ___ (925 SE2d 204) (2026) (the seven-day time limit of OCGA § 44-7-56 applied where, among other things, "the issue of past due rent, which was sought as part of the initial dispossessory proceeding, remain[ed] in dispute"); *Radio Sandy Springs*, 311 Ga. App. at 334–36 (where the action began and continued as a dispossessory action in which the landlord sought past due rent, the seven-day time limit of OCGA § 44-7-56 applied, even though the issue of possession was resolved before the trial court entered its order and no writ of possession was issued); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 523 (521 SE2d 456) (1999) (the seven-day time limit of OCGA § 44-7-56 applied where the action began as and remained a dispossessory proceeding, as evidenced by the parties' continued reliance on the provisions of the dispossessory statutes, including those pertaining to the payment of back rent). Compare *America Net, Inc. v. U. S. Cover, Inc.*, 243 Ga. App. 204, 204–07(1) (532 SE2d 756) (2000), overruled in part on other grounds by *Smith v. Bell*, 346 Ga. App. 152, 156 (816 SE2d 698) (2018) (holding that the seven-day time limit did not apply where, after the landlord filed its dispossessory action in magistrate court, the tenant surrendered possession and the parties stipulated that the case should be transferred to state court for resolution of the remaining contractual claims).

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022) (quotation marks omitted). Jackson's failure to file her

notice of appeal until 21 days after entry of the order denying her motion for a new trial deprives us of jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  04/13/2026*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*